

RECEIVED
APR - 2 2008
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

# RUBINSTEIN & COROZZO, LLP
COUNSELORS AT LAW

RONALD RUBINSTEIN
JOSEPH R COROZZO

BRIANA L. HERMAN

260 MADISON AVENUE
22ND FLOOR
NEW YORK, N.Y. 10016

TELEPHONE (212) 545-8777
FAX (212) 679-1844



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/08

April 2, 2008

**Via Facsimile (212 – 805 – 7917) and ECF**
Honorable Robert P. Patterson
United States District Judge
500 Pearl St., Room 2550
New York, NY 10007

**MEMO ENDORSED**

RE: *United States v. Daniel Karron*, 07-cr-00541

Dear Honorable Judge Patterson:

    A contract for an all cash sale of Dr. Karron's apartment for $515,000.00. was agreed upon. To assure the closing is held prior to the start of trial on June 2, 2008, the Buyer has requested before signing that $10,500.00. be held in Escrow by Seller's real estate attorney Martin Semel. This money represents $3,500.00. per month for up to three months to allow Dr. Karron to vacate the premises. Should Dr. Karron vacate prior to the end of the three month period, the remaining monies will be transferred directly to the U.S. Marshals per the original stipulation and order and held pending further order from this Court.

    Defense counsel spoke with the government regarding this understanding. The government takes no position on this proposal with the understanding that no extension of time will be granted to Dr. Karron to vacate the premises and thus, the amount in escrow will in no event exceed $10,500.00.

    In light of the aforementioned proposal, defense counsel respectfully requests approval to modify and incorporate the following language at page 4, paragraph 6 (i) into the original stipulation and order dated November 27, 2007, attached hereto as Exhibit A, to read as follows:

    6. The net proceeds shall include all monies realized from the sale of the Condominium, except the following:

    i. *$10,500.00. held in escrow by Seller's attorney Martin Semel reflecting the understanding between Buyer and Seller that Seller is permitted to remain at the sold premises for up to three months after the closing date, and should Seller vacate the premises before the end of the three month period, the money remaining shall be forwarded to the U.S. Marshal's service pending further order of the Court.*

Respectfully submitted,

*Ronald Rubinstein*
Ronald Rubinstein

*Application granted
So ordered
R. H. Patterson
4/3/08*

cc: AUSA Steven Kwok via ECF

APR. 2. 2008 2:42PM NO. 0224 P. 3
Case 1:07-cr-00541-RPP Document 36 Filed 04/03/2008 Page 2 of 7
Case 1:07-cr-00541-RPP Document 24 Filed 11/27/2007 Page 1 of 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :    STIPULATION AND ORDER

            -v.-                 :    S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                :

            Defendant.           :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTR...
DOC #:
DATE FILED: 11/27/07

DEFENDANT'S EXHIBIT A

WHEREAS, a Grand Jury sitting in the Southern District of New York returned the First Superseding Indictment in the above-captioned matter on or about June 25, 2007, alleging that the defendant, who was the President and Chief Technical Officer of Computer Aided Surgery, Inc. ("CASI"), knowingly misapplied more than $5,000 in Federal funds from an Advanced Technology Program grant awarded to CASI by the National Institute of Standards and Technology toward the payment of unauthorized expenses;

WHEREAS, the First Superseding Indictment contains a Forfeiture Allegation stating that, in the event the defendant is convicted of the offense charged in the First Superseding Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including, but not limited to, the following:

a. At least $390,000 in United States currency;

APR. 2. 2008 2:43PM NO. 0224 P. 4
Case 1:07-cr-00541-RPP    Document 36    Filed 04/03/2008    Page 3 of 7
Case 1:07-cr-00541-RPP    Document 24    Filed 11/27/2007    Page 2 of 6

b. All right, title, and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 300 East 33rd Street, Unit 4N, New York, NY 10016;

WHEREAS, the First Superseding Indictment also contains a Substitute Asset Provision stating that, in the event the above-described forfeitable property becomes unavailable, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property;

WHEREAS, on or about June 28, 2007, a Notice of Pendency was filed against the defendant's condominium, located at 300 East 33rd Street, Unit 4N, New York, NY, in the County Clerk's office for the county of New York;

WHEREAS, upon the request of the defendant to retrieve and copy certain files purportedly material to his defense stored in the computers, data drives, and other electronic storage devices seized by federal law enforcement agents pursuant to a Seizure Warrant signed by Magistrate Judge Douglas F. Eaton, the Honorable Robert P. Patterson, on or about November 6, 2007, entered an Order directing the Government to pay the necessary fees for the duplication process up to $30,000;

WHEREAS, in the November 6, 2007 Order, Judge Patterson

2

ordered the defendant to execute a note agreeing to reimburse the Government for the cost of the duplication process, with interest, up to $30,000;

WHEREAS, in the same Order, Judge Patterson also ordered the defendant to take all necessary steps forthwith to effectuate a sale of his condominium located at 300 East 33rd Street, Unit 4N, New York, NY 10016, in order to obtain the necessary funds to reimburse the Government for the cost of the duplication process;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through Assistant United States Attorney Chi T. Steve Kwok, the defendant, and his counsel Ronald Rubinstein, Esq., that:

1. The defendant's condominium is located at 300 East 33rd Street, Unit 4N, New York, NY, more fully described as Parcel No. 09363055, Book 002611-9406, Page 002242-9463, in the County Clerk's office for the county of New York ("the Condominium");

2. The defendant represents that he has taken and will continue to take all necessary steps, including the public listing of the property, to effectuate the sale of the Condominium at arm's length for fair market value;

3. The defendant hereby acknowledges that he will pay the Government the cost of duplication up to $30,000 that will be

3

charged to the Government by Digital First Discovery, the mutually agreed-upon computer forensic expert retained to conduct the retrieval and duplication of the computer data, plus accrued interest;

4. The defendant hereby further acknowledges that he will reimburse the Government for the cost of duplication out of the net proceeds from the sale of the Condominium;

5. The parties agree that the net proceeds from the sale of the Condominium will be remitted to the custody and control of the United States Marshals Service either by issuing a check made payable to the United States Marshals Service or by wire transfer, and held by the United States Marshals Service pending further order of the Court;

6. The net proceeds shall include all monies realized from the sale of the Condominium, except for the following:

    a. Reasonable and customary real estate commissions, if any;

    b. Any other real estate or property taxes which are due and owing;

    c. Insurance costs, if any;

    d. Escrow fees;

    e. Document recording fees not paid by the buyer;

    f. Title fees;

APR. 2. 2008 2:42PM NO. 0224 P. 7
Case 1:07-cr-00541-RPP   Document 36   Filed 04/03/2008   Page 6 of 7
Case 1:07-cr-00541-RPP   Document 24   Filed 11/27/2007   Page 5 of 6

    g. County or state transfer fees;

    h. Reasonable and customary real estate attorney fees, if any;

  7. The defendant agrees that he will retain custody, control, and responsibility for the Condominium and maintain it appropriately until the sale has been completed;

  8. The Government agrees to extinguish its Notice of Pendency as to the Condominium at the closing of the sale of the Condominium;

  9. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order;

  10. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will

be deemed an original but all of which together will constitute one and the same instrument.

Agreed and consented to:
MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2415

_____    11/26/07
Chi T. Steve Kwok                  Date
Assistant United States Attorney

_____    11/26/2007
Daniel B. Karron                   Date
Defendant

_____    11-26-07
Ronald Rubinstein, Esq.            Date
Attorney for the defendant

SO ORDERED:

_____    11/26/2007
THE HONORABLE ROBERT P. PATTERSON   Date
UNITED STATES DISTRICT JUDGE