```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        - v -                         :     S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                     :

                Defendant.            :

- - - - - - - - - - - - - - - - - - - - x
```

GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS

                                       MICHAEL J. GARCIA
                                       United States Attorney for the
                                       Southern District of New York
                                       Attorney for the United States
                                       of America

Christian R. Everdell
Chi T. Steve Kwok
Assistant United States Attorneys

    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

         - v -                       :    S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                    :

                Defendant.           :

- - - - - - - - - - - - - - - - - - - - x
```

GOVERNMENT'S PROPOSED
<u>EXAMINATION OF PROSPECTIVE JURORS</u>

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

  A. <u>The Charge</u>

    1. This is a criminal case. The defendant, DANIEL B. KARRON, has been charged in an Indictment with violating a federal statute which I will summarize in a minute. The Indictment was filed by a grand jury sitting in this District.

2. The Indictment is not evidence. It simply contains the charged crime that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charged crime in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury. The Indictment charges that from at least in or about October 2001, up through and including in or about June 2003, the defendant knowingly misapplied more than $5,000 in Federal funds from an Advanced Technology Program grant awarded by a federal agency known as the National Institute of Standards and Technology to a company called Computer Aided Surgery, Inc. ("CASI") while the defendant was that company's President and Chief Technical Officer.

3. Do any of you believe you have personal knowledge of the event charged in the Indictment as I have described it?

B.  Nature of the Charge

4. This case involves an allegation that the defendant intentionally misapplied money awarded to a company by a federal grant program while the defendant was an officer of that company. Is there anything about the nature of the charge that makes you feel you could not consider the evidence fairly and impartially?

5.  Do any of you have any opinion about the enforcement of federal criminal laws relating to the theft, embezzlement, or misapplication of federal funds that might prevent you from being fair and impartial in this case?

6.  Has any juror been involved in an offense involving the theft, embezzlement, or misapplication of federal funds?

7.  Has any juror's relative, close friend or associate been involved in an offense involving the theft, embezzlement, or misapplication of federal funds?

C.  Knowledge of the Trial Participants

8.  The defendant in this case is DANIEL B. KARRON. [Please ask the defendant to rise.] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

9.  To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

10. DANIEL B. KARRON is represented by Mr. Ronald Rubinstein, of the law firm Rubinstein & Corozzo, LLP. [Please ask Mr. Rubinstein to stand.] Do any of you know Mr. Rubinstein? Have any of you had dealings, either directly or indirectly, with Mr. Rubinstein or anyone at his law office?

11.  The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Christian R. Everdell and Steve Kwok.  They will be assisted by Special Agent Rachel G. Ondrik, with the United States Department of Commerce.  [Please ask Mr. Everdell, Mr. Kwok, and Ms. Ondrik to stand.]  Do any of you know Mr. Everdell, Mr. Kwok, and Ms. Ondrik?  Have you had any dealings either directly or indirectly with any of these individuals?

12.  I will now read a list of names of individuals, companies, and locations that may be mentioned during the trial, or who may be witnesses in this case.  [Names to be provided.]  Do any of you know any of these people, or had any personal experience with any of the entities or locations?  Have you had any dealings either directly or indirectly with any of these individuals or entities?

D.  <u>Law Enforcement Personnel</u>

13.  The witnesses in this case may include law enforcement personnel or individuals employed by the United States Government.  Would any juror be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer or employed by the United States Government?

E.  <u>Relationship with the Government</u>

14. Do any of you know, or have any association — professional, business, or social, direct or indirect — with any member of the staff of the United States Attorney's Office for the Southern District of New York or the United States Department of Commerce?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

15. Do any of you have any bias, prejudice or other feelings for or against the United States Attorney's Office, or any local or federal law enforcement agencies?  Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice for or against the United States Attorney's Office, or any investigative agencies of the United States Government?

16. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of federal or local government?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

  F. <u>Prior Jury Service</u>

  17. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

  18. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Did the jury reach a verdict?

  G. <u>Experience as a Witness, Defendant, or Crime Victim</u>

  19. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

  20. Have you ever been a witness or a complainant in any federal or state prosecution?

  21. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

  22. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

6

23. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

24. Have you, or any of your close friends or relatives, ever been a victim of a crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

H.   Other Questions

25. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

26. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

27. Do any of you have any difficulty in reading or understanding English in any degree?

I.   Function of the Court and Jury

28. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law,

however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

29. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

30. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendants, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

31. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

32. Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law or evidence?

33. Does anyone have any expectations about whether certain types of evidence should be presented by the Government at a criminal trial? Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

34. You may hear testimony about other individuals who worked with the defendant and otherwise had dealings with the defendant. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

35. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to

render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

    J.    <u>Juror's Background</u>

    36.    The Government respectfully requests that the Court ask each juror to state the following information:

    a.    the juror's family status;

    b.    the juror's occupation and educational background;

    c.    the name and general location of the juror's employer;

    d.    the period of employment with that employer;

    e.    the same information concerning other employment within the last five years;

    f.    the same information with respect to the juror's spouse and any working children;

    g.    the area in which the juror resides;

    h.    what newspapers and magazines the juror reads and how often; and

    i.    what television programs the juror regularly watches.

    K.    <u>Requested Instruction Following Impaneling of the Jury</u>

    37.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case

with others includes discussions even with members of your own family, and your friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in this case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

   38. In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the courtroom.

Dated: New York, New York
    May 14, 2008

            Respectfully submitted,

            MICHAEL J. GARCIA
            United States Attorney for the
            Southern District of New York

     By: _____
            CHRISTIAN R. EVERDELL
            CHI T. STEVE KWOK
            Assistant United States Attorneys
            Telephone: (212) 637-2415

CERTIFICATE OF SERVICE

CHI T. STEVE KWOK deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on May 14, 2008, he served a copy of the attached Government's Proposed Examination of Prospective Jurors by Federal Express on:

>Ronald Rubinstein, Esq.
>Rubinstein & Corozzo, LLP
>260 Madison Avenue, 22nd Floor,
>New York, NY 10016
>(212) 545-8777
>Fax: (212)-679-1844

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Section 1746.

Dated:   New York, New York
         May 14, 2008

_____
CHI T. STEVE KWOK