UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,                             S1 07 Cr. 541 (RPP)

    - against-

DANIEL B. KARRON,

    Defendant.
-------------------------------------------------------------X

**DEFENDANT DANIEL B. KARRON'S**
**<u>REQUEST TO CHARGE</u>**

                                                                               RONALD RUBINSTEIN
                                                                               Rubinstein & Corozzo, LLP
                                                                               *Attorney for DANIEL B. KARRON*
                                                                               260 Madison Avenue, 22nd Fl.
                                                                               New York, NY 10016

Cc: AUSA Kwok via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,                      S1 07 Cr. 541 (RPP)

    - against-

DANIEL B. KARRON,

       Defendant.
-------------------------------------------------------------X

## Preliminary Statement

    Defendant Daniel B. Karron respectfully submits the following requests to charge in accordance with Rule 30(a) of the Federal Rules of Criminal Procedure. In the interests of judicial economy, the defendant has no objection to the Government's proposed charges filed on May 14, 2008, unless otherwise stated below, in which the defendant has made alternative proposals. In addition, Mr. Karron respectfully reserves the right to submit additional requests as necessary.

In opposition to Government Request No. 7, the Defendant proposes the following alternative charge:

### Third Element: Intentional Misapplication of Property

The third element the Government must prove beyond a reasonable doubt is that the defendant intentionally misapplied money or property.

To intentionally misapply money or property means to use money or property of CASI knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the wrongful use of the money or property for an unauthorized purpose, even if such use benefitted CASI in some way. Misapplication of money or property does not apply to bona fide salary, wages, fees, fringe benefits or other compensation paid, or expenses paid or reimbursed in the usual course of business.[1]

As I said, the Government must prove beyond a reasonable doubt that the defendant acted intentionally when he misapplied CASI's money or property. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

>Adapted from L. Sand, *et al., Modern Federal Jury Instructions,*
>Instr. 27A-5, 3A-4.

---

[1] 18 U.S.C. 666(c)

In opposition to Government Request No. 9, the Defendant proposes the following alternative charge:

**Fifth Element: Value of Misapplied Property**

The fifth and final element the Government must prove beyond a reasonable doubt is the value of the intentionally misapplied money or property was at least $5,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was intentionally misapplied.

You may aggregate or add up the value of property obtained from a series of acts by the defendant to meet this $5,000 requirement, so long as you find that each act of misappropriation was part of a single scheme by the defendant during the same one-year period to obtain property belonging to CASI.

> Adapted from L. Sand, *et al., Modern Federal Jury Instructions,* Instr. 27A-5, 3A-4; *United States v. Valentine,* 63 F.3d 459, 463 ("The phrase 'significant acts of theft' implies that Congress did not intend the statute to reach theft of minimal amounts or theft aggregated over long periods of time. The temporal limitation requirement, in conjunction with the monetary threshold requirement, meets that stated objective.")

In opposition to Government Request No. 19, the Defendant proposes the following alternative charge:

**Evidence of Good Character**

There is testimony in this case of the previous good character of the defendant. [*IF APPLICABLE: Indeed, some of the character witnesses testified that they had no direct, personal knowledge of the facts and circumstances which were the focus of this case.*] You should consider evidence of good character together with all the other evidence in determining whether the prosecution has sustained its burden of proving guilt beyond a reasonable doubt.[2] Evidence of good character may in itself create a reasonable doubt where without such evidence no reasonable doubt exists.

---

[2] *United States v. Huddleston,* 811 F.2d 974, 977 (6th Cir. 1987).