UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA                             :

      -against-                                              :         Indictment No. 07 CR 541 (RPP)

DANIEL B. KARRON,                                          :         NOTICE OF INTENT TO OFFER
                                         Defendant           :         EXPERT TESTIMONY
------------------------------------------------------------------X

Defense Counsel's Notice
To Introduce Expert Testimony at Trial

Please take notice that pursuant to Federal Rule of Criminal Procedure 16 (1)(C)(i) and Federal Rule of Evidence 702, the Defense may offer the expert testimony of the following individuals: (1) Ira Zapin; (2) Denise Leclair; (3) Mel Spitz, and (4) William Nicolai.

It should be noted that defense counsel gave oral notice to AUSA Kwok at the last status conference held May 20, 2008, before this court of its intentions to have all but the last expert, William Nicolai, testify at the upcoming trial.

Ira Zapin is the former Director and now Trustee for the International Foundation for Gender Education; a licensed insurance broker, and an expert in the field of gender expression and deductible expenses under § 125 "Cafeteria Plans" of the Internal Revenue Code.

The government has alleged that Dr. Karron misappropriated government money for personal use, including certain medical expenses paid by CASI under its fringe benefit package. As someone that works in the insurance industry, Ira Zapin possesses specialized knowledge and has worked with companies in the past and present regarding questions concerning appropriate and covered expenses under corporate "cafeteria plans." As such, it is anticipated that Ira Zapin will testify to the appropriateness of Dr. Karron's medical expenses.

Denise Leclair is the Executive Director of the International Foundation for Gender Education; a Congress Lobbyist, expert, and advocate for the promotion of acceptance for transgender people through education. It is anticipated that Denise Leclair will testify to fringe benefit policies, specifically relating to the inclusion and acceptance of gender identity disorder as a bona fide disability. Denise Leclair's many years of experience in this area gives her a unique background and has afforded her with specialized knowledge to testify about company policies regarding fringe benefits afforded to individuals suffering with Gender Identity Disorder.

Mel Spitz is a C.P.A., Certified Public Accountant. The government has notified defense counsel of its intention to offer the testimony of both Joan Hayes and Belinda Riley, who will be testifying about "generally accepted accounting principles and auditing procedures that they followed and applied in the course of their work relating to Computer Aided Surgery Inc. ("CASI"). *See* Exhibit A "Letter dated May 16, 2008, attached hereto."

In 2003, CASI hired Mel Spitz as an accountant. At one time, Mel Spitz, on behalf of CASI, met with Belinda Riley, the government's expert witness, to compare and try to reconcile his accounting results performed for CASI with the accounting results achieved by Belinda Riley. It is anticipated he will testify to the discrepancies between his work and the government's expert witness. The government and Belinda Riley have in their possession and are familiar with the work product that Mel Spitz achieved as it was attached as Appendix III to the Final Audit Report prepared by Belinda Riley and the OIG.

Lastly, William Nicolai is a real estate expert, who spent twenty years working in sales and marketing executive positions with major corporations before joining Halstead Property, LLC in 1988 as a real estate sales associate.

The government has alleged that Dr. Karron misappropriated government money for personal use, including allegations that he made personal improvements to his apartment for his own benefit and to enhance the value of the apartment. Indeed, if the government intends to make such an argument, William Nicolai, with over 40 years marketing and sales experience, is anticipated to testify to the marketability of Dr. Karron's apartment prior to the alleged improvements and afterward. He will testify that the work done for CASI reduced the value of the apartment. Therefore, he is in a position to help a jury understand and distinguish whether the improvements made to Dr. Karron's apartment were for personal reasons or were suited to meet the needs of CASI.

Dated: New York, New York
May 30, 2008

Respectfully submitted,

/s/
RONALD RUBINSTEIN
Rubinstein & Corozzo, LLP
*Attorneys for Daniel B. Karron*
260 Madison Avenue
New York, New York 10016
(212) 545-8777

**EXHIBIT A**

**"Letter dated May 16, 2008"**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2008

**BY FEDERAL EXPRESS**

Ronald Rubinstein, Esq.
Rubinstein & Corozzo, LLP
260 Madison Avenue, 22nd Floor,
New York, NY 10016
(212) 545-8777
Fax: (212)-679-1844

        Re:   <u>**United States v. Daniel B. Karron**</u>,
                    S1 07 Cr. 541 (RPP)

Dear Mr. Rubinstein:

       This letter provides notice, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rule of Evidence 702, that the Government may offer the expert testimony of Certified Public Accountants 1) Joan Hayes and 2) Belinda Riley.

       Although the testimony these witnesses is expected to give at trial will include personal observations and conversations they had with the defendant and others, they will also be testifying about certain generally accepted accounting principles and auditing procedures that they followed and applied in the course of their work relating to Computer Aided Surgery, Inc. ("CASI"). In an abundance of caution, the Government is providing this notice pursuant to its discovery obligations, and to provide the defense an opportunity to make any motions it deems appropriate with respect to the proffered testimony.

       The substance of Ms. Hayes's proffered expert testimony is summarized in the attached audit report (labeled Exhibit A to this letter). Furthermore, Ms. Hayes will testify about the procedures she followed, the materials she reviewed, and the reasoning behind her audit findings as set forth in the report.

       The substance of Ms. Riley's testimony is summarized in the attached audit reports (labeled Exhibits B, C, and D to this

Ronald Rubinstein, Esq.
May 16, 2008
Page 2

letter). Furthermore, Ms. Riley will also testify about the procedures she followed, the materials she reviewed, and the reasoning behind her audit findings. Finally, Ms. Riley will testify about her analyses of the Chase bank statements pertaining to CASI's business accounts and the defendant's personal accounts, the American Express statements, and various vendor invoices and how and why her analyses of these materials (all of which were previously produced to you in discovery and transmitted to you again in my letter of May 13, 2008) substantiate the audit findings set forth in her audit reports.

Pursuant to Rule 16(b)(1)(C), the Government seeks reciprocal notice as to whether the defendant intends to call any expert witness at trial.

Attached please find a copy of Ms. Hayes curriculum vitae and Ms. Riley's curriculum vitae. If you have any objections to the introduction of Ms. Hayes and Ms. Riley's proffered expert testimony, please advise the Government promptly.

      Very truly yours,

      MICHAEL J. GARCIA
      United States Attorney

    By: _____
      Chi T. Steve Kwok
      Christian R. Everdell
      Assistant United States Attorneys
      (212) 637-2415 / (212) 637-2556

Enclosures