UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

          - v -                         :     S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                       :

                    Defendant.          :

- - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S REQUESTS TO CHARGE**


                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America


CHRISTIAN R. EVERDELL
CHI T. STEVE KWOK
Assistant United States Attorneys

          - Of Counsel -

Dated:    New York, New York
          May 14, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

            - v -                           :      S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                           :

                        Defendant.          :

- - - - - - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following instructions in its charge to the jury.
The Government also requests leave to offer such additional
instructions as may become appropriate during the course of the
trial.

**TABLE OF CONTENTS**

<u>REQUEST NO.</u>                                                                                      <u>PAGE</u>

1.   General Requests . . . . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment . . . . . . . . . . . . . . . . . . . . . . . 2

3.   Summary of the Indictment . . . . . . . . . . . . . . . . . 3

4.   Count One:  Theft or Misapplication Concerning Programs
     Receiving Federal Funds — General Instructions
     (18 U.S.C. § 666) . . . . . . . . . . . . . . . . . . . . . 4

5.   First Element: Defendant Was An Agent of CASI . . . . . . 5

6.   Second Element: CASI Received Federal Funds . . . . . . . 6

7.   Third Element: Intentional Misapplication of Property . . 7

8.   Fourth Element:  Misapplied Property Belonged to CASI . . 9

9.   Fifth Element: Value of Misapplied Property . . . . . . . 10

10.  Venue  . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11.  Variance in Dates . . . . . . . . . . . . . . . . . . . . 13

12.  Preparation of Witnesses . . . . . . . . . . . . . . . . . 14

13.  Testimony of Law Enforcement Witnesses . . . . . . . . . 15
     *[If Applicable]*

14.  Defendant's Testimony
     *[Requested Only If Defendant Testifies]* . . . . . . . . 16

15.  Defendant's Right Not to Testify
     *[If Requested By Defense]* . . . . . . . . . . . . . . . 17

16.  Persons Not on Trial . . . . . . . . . . . . . . . . . . . 18

17.  Uncalled Witness — Equally Available to Both Sides
     *[If Applicable]* . . . . . . . . . . . . . . . . . . . . 19

18.  Particular Investigative Techniques Not Required
     *[If Applicable]* . . . . . . . . . . . . . . . . . . . . 21

19.  Evidence of Good Character
     *[If Applicable]* . . . . . . . . . . . . . . . . . . . . 22

20.  Stipulation of Testimony
     *[If Applicable]* . . . . . . . . . . . . . . . . . . 23

21.  Stipulation of Facts . . . . . . . . . . . . . . . . 24
     *[If Applicable]*

22.  Charts and Summaries
     *[If Applicable]* . . . . . . . . . . . . . . . . . . 25

23.  Conclusion . . . . . . . . . . . . . . . . . . . . . 27

**REQUEST NO. 1**

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Credibility of Witnesses

j.   Interest in Outcome

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Jury Recollection Controls

m.   Conflicting Evidence

n.   Sympathy:  Oath as Jurors

o.   Punishment Is Not to Be Considered by the Jury

p.   Verdict of Guilt or Innocence Must Be Unanimous

## **REQUEST NO. 2**

### The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence or proof of the charge.

The Indictment in this case contains one count.  I will first briefly summarize the offense charged in the Indictment against the defendant.  Then I will explain in detail the elements of the offense.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 3-1.

-2-

## REQUEST NO. 3

### Summary of the Indictment

As I have said, the Indictment in this case contains one count, or charge, against the defendant, DANIEL B. KARRON.

Count One charges that from at least in or about October 2001, up through and including in or about June 2003, DANIEL B. KARRON, the President and Chief Technical Officer of a company called Computer Aided Surgery, Inc. ("CASI"), knowingly misapplied more than $5,000 in Federal funds from an Advanced Technology Program grant awarded to CASI by the National Institute of Standards and Technology toward the payment of unauthorized expenses.

## REQUEST NO. 4

Count One: Theft or Misapplication Concerning Programs Receiving
Federal Funds –
General Instructions (18 U.S.C. § 666)

In order to sustain its burden of proof with respect to the allegation in Count One, the Government must prove beyond a reasonable doubt the following five elements:

First, at the time alleged in the Indictment, the defendant was an agent of Computer Aided Surgery, Inc., or CASI;

Second, in a one-year period, CASI received federal benefits in excess of $10,000;

Third, the defendant intentionally misapplied money or property;

Fourth, the misapplied money or property belonged to, or was under the care, custody, or control of, CASI;

Fifth, the value of the intentionally misapplied money or property was at least $5,000.

Let us now separately consider these five elements.

Adapted from L. Sand, et al., Modern Federal
Jury Instructions, Instr. 27A-2; Seventh
Circuit Pattern Criminal Jury Instruction to
18 U.S.C. § 666(a)(1)(A).

-4-

## REQUEST NO. 5

### First Element: Defendant Was An Agent Of CASI

The first element the Government must prove beyond a reasonable doubt is that at the time alleged in the Indictment, the defendant was an agent of CASI.

The term "agent" means a person authorized to act on behalf of an organization. Employees, partners, directors, officers, managers, and representatives are all agents of an organization.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 27A-3; Eighth Circuit Model Criminal Jury Instruction 6.18.666A.

-5-

## REQUEST NO. 6

Second Element:  CASI Received Federal Funds

The second element the Government must prove beyond a reasonable doubt is that in a one-year period, CASI received federal benefits in excess of $10,000.

To prove this element, the Government must establish that CASI received, during a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant committed the acts charged in the Indictment and must end no more than 12 months after those acts.

> Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instr. 27A-4; Seventh Circuit Pattern Criminal Jury Instruction to 18 U.S.C. § 666(a)(1)(A); Eighth Circuit Model Criminal Jury Instruction 6.18.666A.

## REQUEST NO. 7

### Third Element: Intentional Misapplication of Property

The third element the Government must prove beyond a reasonable doubt is that the defendant intentionally misapplied money or property.

To intentionally misapply money or property means to use money or property of CASI knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the wrongful use of the money or property for an unauthorized purpose, even if such use benefitted CASI in some way. Most, if not all, federal grant programs require the grantee to use the funds for a particular purpose. If the grantee diverts those funds to some other purpose, even a related purpose within the mission of the organization, it may still be considered a misapplication under the statute.

As I said, the Government must prove beyond a reasonable doubt that the defendant acted intentionally when he misapplied CASI's money or property. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the

-7-

product of defendant's conscious objective rather than the
product of a mistake or accident.

> Adapted from L. Sand, <u>et al.</u>, <u>Modern Federal
> Jury Instructions</u>, Instr. 27A-5, 3A-4; <u>United
> States</u> v. <u>Urlacher</u>, 979 F.2d 935, 938 (2d
> Cir. 1992) ("Intentional misapplication, in
> order to avoid redundancy, must mean
> intentional misapplication for otherwise
> legitimate purposes; if it were for
> illegitimate purposes, it would be covered by
> the prohibitions against embezzlement,
> stealing, obtaining by fraud, or
> conversion"); <u>United States</u> v. <u>Frazier</u>, 53
> F.3d 1105 (10th Cir. 1995).

## **REQUEST NO. 8**

Fourth Element:  Misapplied Property Belonged to CASI

The fourth element the Government must prove beyond a reasonable doubt is that the property that was intentionally misapplied belonged to, or was in the care, custody, or control of, CASI.  Although the words "care," "custody," and "control" have slightly different meanings, for the purposes of this element, they express a similar idea.  That is that CASI had control over and responsibility for the property.

Adapted from L. Sand, et al., Modern Federal
Jury Instructions, Instr. 27A-6.

-9-

**REQUEST NO. 9**

Fifth Element: Value of Misapplied Property

The fifth and final element the Government must prove beyond a reasonable doubt is that the value of the intentionally misapplied money or property was at least $5,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was intentionally misapplied.

You may aggregate or add up the value of property obtained from a series of acts by the defendant to meet this $5,000 requirement, so long as you find that each act of stealing was part of a single scheme by the defendant to obtain property belonging to CASI.

The Government does not have to prove that the particular property misapplied by the defendant was received by CASI as federal benefits. In other words, it is not necessary for the Government to show that the intentionally misapplied money or property was traceable to the actual federal benefits received by the organization. Thus, if the Government establishes that CASI received more than $10,000 in federal aid during a one-year period, and that the defendant participated in the misapplication of funds valued at more than $5,000 under the

-10-

care, custody, and  control of CASI, the Government will have
satisfied its burden with respect to this element.   The
government need not trace the $5,000 that was embezzled or stolen
back to the federal benefits provided by the Government.

> Adapted from L. Sand, et al., Modern Federal
> Jury Instructions, Instr. 27A-7; Salinas v.
> United States, 522 U.S. 52, 56-57 (1997);
> United States v. Valentine, 63 F.3d 459, 464
> (6th Cir. 1995) (holding that there is no
> "tracing" requirement with respect to this
> element).  Also adapted from the charge of
> Judge Richard J. Sullivan in United States v.
> Carol Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y.
> 2008).

**REQUEST NO. 10**

<u>Venue</u>

In addition to the elements of the offenses that I have explained, you must consider whether any act in furtherance of the crime charged in the Indictment occurred within the Southern District of New York. As I have instructed you, the Southern District of New York includes Manhattan and the Bronx.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred in the Southern District of New York.

> Adapted from L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-11, and from the charge of the Honorable Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); <u>see</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); <u>see also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

-12-

**REQUEST NO. 11**

<u>Variance in Dates</u>

It does not matter if the Indictment alleges that a specific event occurred during a certain time period, and the evidence indicated that in fact it occurred outside that time period. The law only requires a substantial similarity between the time period alleged in the Indictment and the dates established by the evidence.

Adapted from L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> ¶ 3.01, Instrs. 3-12 & 3-13.

-13-

## REQUEST NO. 12

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

-14-

### REQUEST NO. 13

<u>Testimony of Law Enforcement Witnesses</u>

*[If Applicable]*

You have heard testimony of law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

-15-

## **REQUEST NO. 14**

<u>Defendant's Testimony</u>

*[Requested Only If Defendant Testifies]*

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

## REQUEST NO. 15

### Defendant's Right Not to Testify

*[If Requested By Defense]*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-21.

-17-

### REQUEST NO. 16

<u>Persons Not on Trial</u>

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM) (S.D.N.Y.), <u>aff'd mem.</u> 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in <u>United States</u> v. <u>Nguyen</u>, 94 Cr. 541 (LLS) (1995).

-18-

## REQUEST NO. 17

### Uncalled Witness - Equally Available to Both Sides

*[If Applicable]*

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant and neither party called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both parties.

On the other hand, it is equally within your province to draw no inference at all from the failure a party to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from Sand, Modern Federal Jury Instructions, Instr. 6-7. See generally United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, `the failure to produce is open to an inference against both parties.' No instruction is necessary where the unpresented testimony would be merely

-19-

cumulative." <u>United</u> <u>States</u> v. <u>Torres</u>, 845
F.2d 1165, 1169 (2d Cir. 1988) (citations
omitted) (emphasis in original).  <u>See</u> <u>also</u>
<u>United</u> <u>States</u> v. <u>Nichols</u>, 912 F.2d 598, 601
(2d Cir. 1990) (whether to give charge is
committed to discretion of trial judge;
generally discussing applicable standards).

## **REQUEST NO. 18**

### Particular Investigative Techniques Not Required

*[If Applicable]*

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendants has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992), and from the
> charge of Judge John F. Keenan in United
> States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y.
> 1992).

-21-

**REQUEST NO. 19**

<u>Evidence of Good Character</u>

*[If Applicable]*

There is testimony in this case of the previous good character of the defendant.  This testimony is not to be taken by you as the witnesses' opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  *[IF APPLICABLE:  Indeed, some of the character witnesses testified that they had no direct, personal knowledge of the facts and circumstances which were the focus of this case.]*  You should consider evidence of good character together with all other facts and all the other evidence in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where without such evidence no reasonable doubt exists.  But if from all the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that the defendant previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe that he had been a person of good repute.

<u>United States</u> v. <u>Birnbaum</u>, 377 F.2d 490 (2d Cir. 1964); <u>United States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 (2d Cir. 1961), <u>cert</u>. <u>denied</u>, 369 U.S. 803 (1962).

## REQUEST NO. 20

### Stipulations of Testimony

*[If Applicable]*

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you to determine, however, the effect to be given that testimony.

-23-

## REQUEST NO. 21

<u>Stipulation of Facts</u>

*[If Applicable]*

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand <u>et al</u>., <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 5-6.

-24-

### REQUEST NO. 22

Charts and Summaries

*[If Applicable]*

Some of the exhibits that were admitted into evidence were charts. These charts were introduced basically as summaries. They are not direct evidence really. They are summaries of the evidence, and are admitted as aids to you. They are not in and of themselves any evidence. They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you accept them. But one way or the other, realize that the chart is not in and of itself direct evidence. They are merely visual aids. They are nothing more.

From the charge of the Honorable Kevin Thomas
Duffy in <u>United States</u> v. <u>Castellano</u>, SSS 84 Cr.
63, <u>aff'd in part and rev'd in part sub nom.</u>

-25-

United States v. Gaggi, 811 F.2d 47 (2d Cir.),
cert. denied, 482 U.S. 929 (1987), Tr. at 7019-20.

## REQUEST NO. 23

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

Dated:    New York, New York
          May 14, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

By: _____
CHRISTIAN R. EVERDELL
CHI T. STEVE KWOK
Assistant United States Attorneys
Telephone:  (212) 637-2556/2415

-28-

<u>CERTIFICATE OF SERVICE</u>

CHI T. STEVE KWOK deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York,

And that on May 14, 2008, he caused a copy of the attached Government's Requests to Charge to be served, by Federal Express, upon:

Ronald Rubinstein, Esq.
Rubinstein & Corozzo, LLP
260 Madison Avenue, 22nd Floor,
New York, NY 10016
(212) 545-8777
Fax: (212)-679-1844

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. Section 1746.

Dated:    New York, New York
          May 14, 2008

_____
CHI T. STEVE KWOK

33