# RUBINSTEIN & COROZZO, LLP
### COUNSELORS AT LAW

RONALD RUBINSTEIN
JOSEPH R. COROZZO

WILLIAM R. DICENZO

260 MADISON AVENUE
22ND FLOOR
NEW YORK, N.Y. 10016

TELEPHONE (212) 545-8777
FAX (212) 679-1844

October 17, 2008

**Via Facsimile (212 – 805 – 7917) and ECF**
Honorable Robert P. Patterson
United States District Judge
500 Pearl St., Room 2550
New York, NY 10007

*United States v. Daniel Karron*, 07-cr-00541 (RPP)

Dear Judge Patterson:

Pursuant to the Court's suggestion defense counsel met with the Government on October 14, 2008. Unfortunately, the parties could not agree on a loss amount. This letter is submitted in opposition to the Government's loss calculation.

## YEAR 1:

The Government claims Dr. Karron misappropriated outside budgeted categories $147,968 pursuant to Government Exhibit ("GX") 114. *See* GX 114 attached hereto. The Defense submits the totals submitted on GX 114 can not be reconciled with the costs listed in GX 110, which is the claimed source. *See* GX 110 excerpts attached. The Defense submits the following items were misclassified as non-budgeted expenses:

| Item | Defense Claim | Loss Amount | Government Claim |
|---|---|---|---|
| **Subscriptions** | GX 110 Pg. 27 of 44 lists total as $1,025.31.<br><br>Defense submits the expenses listed in GX 110 were misclassified as these expenses were for online research necessary for the project.[1] Therefore, the loss amount is zero. | $0. | $43,592. |
| **Capital Improvements** | These expenses were misclassified. The proper classification is site preparation. Therefore the loss amount is zero. | $0. | $11,248. |

---

[1] The expense dated 3/1/02 related to a conference in New Jersey where Dr. Karron submitted a paper related to the research being conducted on behalf of the project.

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 2 of 7

| | | | |
|---|---|---|---|
| **Rent** | Defense concedes the rent paid was an unauthorized expense. However, the Government also treats the rent as salary thereby double counting for loss purposes. Therefore, the loss is zero. *See* pg. 3 at Salary. | $0. | $60,000. |
| **Utilities** | Dr. Karron's utilities prior to the project were approximately 4,595. *See* Con Edison detail attached. The increase was directly related to the equipment use on behalf of the project. Therefore, the loss amount should be the difference. *See* also Trial transcript page 1057 attached. | $4,595. | $16,341. |
| **Benefits not allowed** | The budget permitted $51,000 per GX 114. Only $20,222 was used within the budget and therefore, the Government's loss is zero. | $0. | $5751. |
| **Dr. Karron's fringe benefits not allowed** | The budget permitted $59,500 per GX 114. Only $19,163 was used within the budget and therefore, the Government's loss is zero. | $0. | $4,081. |
| **Cleaning – D. Ferrand** | D. Ferrand was a sub-contractor and paid as such from the subcontract budget category. Therefore, the loss is zero. The Government concedes there remains $174,038 of unexpended funds. | $0. | $5,019. |
| **Meals** | The meals were part of the travel, which was budgeted for $20,000 per GX 114. Only $10,914 was used within the budget and therefore, the Government's loss is zero. | $0. | $1,938. |

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 3 of 7

The Government claims Dr. Karron misappropriated within budgeted categories $120,671. The Defense submits the Government's claim is inaccurate.

| Item | Defense Claim | Loss Amount | Government Claim |
|---|---|---|---|
| **Salary** | As per GX 114, Dr. Karron received $200,488 as salary while budgeted for $175,000. However, GX 110 pgs. 38 – 40 of 44 provide the following analysis:<br><br>Loans: $129,850<br>Defense counsel submits the following loans were misclassified:<br>   8/19/02 Salary Advance to Scott Albin: - $750<br>   9/13/02 Partial reimbursement: - 15,000<br><br>= $114,100<br><br>Loan repayment:<br>   Loan repayment in the amount of $37,000.<br>   *See* GX 110 pg. 38 of 44  - 37,000<br><br>Net salary received 8/2/02 in the amount of $5,675.03<br>($30,000 of original loans repaid)  - 30,000<br>*See attached* check 10401 admitted as defense exhibit P6<br><br>Net salary received per journal entry 9/30/02 in the amount of $0 ($37,334.19 was original loans repaid)  − 37,334.19<br>*See attached* journal entry admitted as part of defense exhibit FFF.<br>= $9,765.81<br><br>Hence, $67,334.22 of the original $75,000 loan dated 10/26/01 was repaid resulting in an actual loan of only $9,765.81.<br>                  9,765.81<br>Rent GX 110 pg. 39 of 44    60,000<br>Salary GX 110 pg. 39 of 44 + 35,293<br>              = $105,059.39 | $0 | $25,488 |

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 4 of 7

| | | | |
|---|---|---|---|
| **Equipment** | All the equipment was recouped by the Government and therefore, Dr. Karron should have this value credited against any loss pursuant to USSG § 2B1.1, *cmt. n.3 (E) (i)*. Resulting loss is zero. | $0. | $79,819. |
| **Material & Supplies** | All the materials and supplies were recouped by the Government and therefore, Dr. Karron should have this value credited against any loss pursuant to USSG § 2B1.1, *cmt. n.3 (E) (i)*. Resulting loss is zero. | $0. | $15,364. |

**YEAR 2:**

The Government claims Dr. Karron misappropriated outside budgeted categories $91,424 pursuant to GX 115. *See* GX 115 attached hereto. The Defense submits the totals submitted on GX 115 can not be reconciled with the costs listed in GX 110, which is the claimed source. *See* GX 110 excerpts attached. The Defense submits the following items were misclassified as non-budgeted expenses:

| Item | Defense Claim | Loss Amount | Government Claim |
|---|---|---|---|
| **Subscriptions** | GX 110 Pg. 21 of 37 lists total as $1,598.10.  Defense submits the expenses listed in GX 110 were misclassified as these expenses were for online research necessary for the project. Therefore, the loss amount is zero. | $0. | $31,625. |
| **Capital Improvements** | These expenses were misclassified. The proper classification is site preparation. Therefore the loss amount is zero. | $0. | $20,118. |
| **Rent** | Defense concedes the rent paid was an unauthorized expense. However, this amount may have been included in salary. | $2,000. | $2,000. |
| **Utilities** | Dr. Karron's utilities prior to the project were approximately $4,595. | $4595. | $17,570. |

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 5 of 7

| | | | |
|---|---|---|---|
| | *See* Con Edison detail attached. The increase was directly related to the equipment use on behalf of the project. Therefore, the loss amount should be the difference. *See* also Trial transcript page 1057 attached. | | |
| **Benefits not allowed** | The budget permitted $51,000 per GX 115. Only $13,815 was used within the budget and therefore, the Government's loss is zero. | $0. | $3792. |
| **Dr. Karron's fringe benefits not allowed** | The budget permitted $44,625 per GX 115. Only $19,890 was used within the budget and therefore, the Government's loss is zero. | $0. | $1,350. |
| **Cleaning – D. Ferrand** | D. Ferrand was a sub-contractor and paid as such from the subcontract budget. Therefore, the loss amount is zero. | $0. | $3,200. |
| **Meals** | The meals were part of the travel, which was budgeted for $9,000 per GX 115. Only $3,445 was used within the budget and therefore, the Government's loss is zero. | $0. | $2,966. |
| **Supplies** | GX 110 pg. 12 of 37 misclassifies these expenses as supplies when they were equipment. *See* equipment below. | $0 | $8803 |
| **Audit** | The audit was a proper "others" expense. | $0 | $10,000. |

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 6 of 7

The Government claims Dr. Karron misappropriated within budgeted categories $105,081. The Defense submits the Government's claim is inaccurate.

| Item | Defense Claim | Loss Amount | Government Claim |
|---|---|---|---|
| Salary | GX 110 pg. 32 – 33 of 37 list the following:<br><br>Payroll       70,965<br>Rent           2,000<br>Loans     + 14,523.13<br>            = 87,488.13<br><br>Repayment  - 9,100<br>Repayment  - 9,500<br>          - 18,600<br>        = $68,888.13<br><br>Defense counsel is unable to determine how salary received of $146,162 was calculated. | $??? | $14,912 |
| Equipment | All the equipment was recouped by the Government and therefore, Dr. Karron should have this value credited against any loss pursuant to USSG § 2B1.1, *cmt. n.3 (E) (i)*. Resulting loss is zero. | $0. | $79,819. |

RUBINSTEIN & COROZZO, LLP

Hon. Robert Patterson
October 17, 2008
Page 7 of 7

      Dr. Karron should also be credited against loss the amounts he personally contributed using cash contributions, and grant expenses paid using his personal MasterCard and checking account.

| Item | Defense Claim | Loss Amount | Government Claim |
|---|---|---|---|
| **Cash Contributions** | The loss should also be off-set by Dr. Karron's contributions to the grant made using his home-equity line of credit. *See* checks 1228, 1230, and 1243 attached along with the Chase Statement reflecting a home equity line of credit in the amount of $200,000. | $70,000. | $0 |
| **MasterCard and Personal Checking Contributions** | The loss should also be off-set by Dr. Karron's grant-related expenses paid for using his personal MasterCard. *See* attached schedules reflecting CHASE MC 81872 and CHASE CHECKING 916-65. | Approximately $50,000. | |

      Respectfully submitted,

*Ronald Rubinstein* (signature)

Ronald Rubinstein

cc:    AUSA Steven Kwok via facsimile (212) 637-2390