

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

December 30, 2008

**BY ECF and FACSIMILE**

The Honorable Robert P. Patterson
United States District Judge
500 Pearl Street
New York, NY 10007

             Re:  **United States v. Daniel B. Karron**,
                        S2 07 Cr. 541 (RPP)

Dear Judge Patterson:

        The Government respectfully submits this letter in
response to defendant Daniel B. Karron's letter to the Court,
dated December 30, 2008, seeking bail pending appeal.

        The defendant's request should be denied because it is
an abusive and transparent attempt to delay the inevitable at the
eleventh hour and because the defendant has not satisfied —
indeed, cannot satisfy — her burden of showing that her appeal
raises a substantial question of law or fact.  See 18 U.S.C.
§ 3143(b).

        **I.    "For the Purpose of Delay"**

        As the Court is aware, a lengthy sentencing hearing was
held on October 20, 2008, at the conclusion of which the
defendant was sentenced principally to seven-and-a-half months of
imprisonment as a result of her conviction for misapplying
federal grant funds, in violation of Title 18, United States
Code, Section 666.  At the defendant's request, the Court delayed
the defendant's surrender date until after the holidays, i.e.,
January 10, 2009.  The defendant timely filed her Notice of
Appeal with the Court of Appeals on October 29, 2008.

        For nearly two months since final judgment was entered,
and a Notice of Appeal filed with the Second Circuit, the
defendant chose not to make any application, either with this

The Honorable Robert P. Patterson
December 30, 2008
Page 2

Court or the Court of Appeals, for bail pending appeal — until
now, eleven days before her surrender date, and in the middle of
the holiday season.  Furthermore, the defendant chose not to
retain new appellate counsel, Laura A. Oppenheim, Esq., until
"two weeks ago."  Letter to the Honorable Robert P. Patterson,
from Laura A. Oppenheim (Dec. 30, 2008) [hereinafter "Dec. 30
Letter"], at 1.

        What's more, far from seeking an expedited briefing
schedule in the Court of Appeals to have the purportedly
"substantial question of law or fact" decided, id. at 2, the
defendant, on December 16, 2008, sought and obtained a 60-day
extension to file her appellate brief from the Second Circuit.
As the briefing schedule in the Court of Appeals now stands, as a
result of the extension the defendant recently sought, the case
will not be ready for oral argument, much less decision, until
May 11, 2009, at the very earliest.  See Docket No. 08-52-cr (2d
Cir.).  Hence, for all intent and purposes, the defendant is
seeking from this Court no less than a five-month delay, and most
likely more, in her surrender date, and does so at the last
possible moment.

        Based on the above, it is clear that the defendant's
eleventh-hour request is a calculated and abusive attempt to
delay the inevitable, and nothing more.  Under Title 18, United
States Code, Section 3143, the defendant, to qualify for bail
pending appeal, must show that "the appeal is not for the purpose
of delay."  The Government respectfully submits that just the
opposite is true, and the defendant has fallen far short of
meeting her burden.

    II.  **No Substantial Issues of Law or Fact**

        Furthermore, to qualify for bail pending appeal, the
defendant must show that her appeal raises a substantial question
of law or fact.  Through the enactment of the Bail Reform Act of
1984, Congress "reverse[d] the presumption in favor of bail
[pending appeal] that had been established under the prior
statute[.]"  United States v. Miller, 753 F.2d 19, 22 (3d Cir.
1985); United States v. Randell, 761 F.2d 122, 124-25 (2d Cir.
1985).  The relevant provision of the statute, 18 U.S.C.
§ 3143(b), reflects the legislative judgment that "once a person
has been convicted and sentenced to jail, there is absolutely no
reason for the law to favor release pending appeal or even permit
it in the absence of exceptional circumstances."  United States
v. Miller, 753 F.2d at 22 (quotations omitted and emphasis
added).  Accordingly, to prevail on a motion for bail pending
appeal, the defendant must demonstrate by clear and convincing

2

The Honorable Robert P. Patterson
December 30, 2008
Page 3

evidence that there exists "a substantial question of law or fact" likely to result in reversal, a new trial, or a reduced sentence to a term of imprisonment less than the time already served plus the expected duration of the appeal process.  See 18 U.S.C. § 3143(b)(1).

        The defendant all but concedes that the jury instruction as given by the Court precisely tracks the law of the Circuit as stated in United States v. Urlacher, 979 F.2d 935 (2d Cir. 1992), but argues that Urlacher was wrongly decided.  See Dec. 30 Letter, at 4-8  (disagreeing with the holding as stated in Urlacher).  The defendant faults the Court for instructing the jury that "[i]ntentional misapplication includes the wrongful use of money for a purpose the defendant knew was unauthorized, even if such use benefitted CASI in some way."  Id. at 4 (emphasis added).  However, in Urlacher, the Court of Appeals squarely held that, the term "intentional misapplication, in order to avoid redundancy, must mean intentional misapplication for otherwise legitimate purposes; if it were for illegitimate purposes, it would be covered by the prohibitions against embezzlement, stealing, obtaining by fraud, or conversion."  979 F.2d at 938.

        To the extent the defendant argues that the Court's jury instruction and Urlacher impermissibly remove the "mens rea" requirement and make 18 U.S.C. § 666 a strict liability offense, Dec. 30 Letter, at 5, the argument is frivolous.  The Court's instruction was careful to stress — repeatedly — that "[t]o intentionally misapply money means to use money under the control of CASI knowing that such use is unauthorized or unjustifiable or wrongful," and "in a manner which the defendant knew was unauthorized."  Furthermore, the jury was told that "[t]o find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully," i.e., "the product of the defendant's conscious objective," "rather than the product of a mistake or accident or some other innocent reason."  Tr. 1351-52 (emphasis added).

        Finally, the defendant again all but concedes that because the argument was never raised at all at trial, Dec. 30 Letter at 7 ("Trial Counsel's Failure to Object"), the plain-error standard of review applies.  Id. at 7 ("plain error review").  For an error to be "plain," however, it must, "at a minimum," "be clear under current law."  United States v. Feliciano, 223 F.3d 102, 115 (2d Cir. 2000).  "Whether an error is 'plain' is determined by reference to the law as of the time of appeal."  United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001).  "Without a prior decision from this court [the Court

3

The Honorable Robert P. Patterson
December 30, 2008
Page 4

of Appeals] or the Supreme Court mandating the jury instruction
that [the defendant], for the first time on appeal, says should
have been given," there can be no plain error, "if error it was."
Id.

        Because the defendant's appeal is based on an attack on
the law of the Circuit as stated in Urlacher, even if her
argument were to prevail on the merits, she cannot show that the
error, "if error it was," id., was "plain" warranting reversal or
a new trial.

### Conclusion

        For all of the foregoing reasons, the Government
respectfully urges the Court to deny the defendant's belated and
meritless request for bail pending appeal, and to order that the
defendant self-surrender to the United States Marshals no later
than January 10, 2009, at 10:00 a.m., as the defendant was first
directed to do at the sentencing hearing about two months ago.

                        Respectfully submitted,

                        LEV L. DASSIN
                        Acting United States Attorney


                    By:   ___/s/ Chi T. Steve Kwok_____
                          Chi T. Steve Kwok
                          Christian R. Everdell
                          Assistant United States Attorneys
                          (212) 637-2415 / (212) 637-2556

cc:   Laura A. Oppenheim, Esq. (by fax)
      Counsel to Daniel B. Karron