UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

        07 Cr. 541 (RPP)

    - against -

**OPINION AND ORDER**

DANIEL B. KARRON,
                Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The defendant's appellate counsel's request by letters dated December 30 and 31, 2008, seeking bail pending appeal is denied. The Court does not find that the defense application is made for purpose of delay. The Court's ruling is based on its disagreement with the defense argument headed "Conviction Under The Misapplication Theory of 18 U.S.C. § 666(a)(1) Violates Due Process By Criminalizing Conduct Without Regard to Criminal Intent." The defense contends that "misapplication of federal monies does not include any requirement that a defendant act with *criminal* intent for the benefit of either himself or a third party to defraud the government. Rather all that is necessary is that a defendant intend to spend monies under their control in an unauthorized manner - even if for legitimate purposes that benefit the grantee." Letter dated 12/30/08 at 4; see United States v. Urlacher, 979 F.2d 935 (2d Cir. 1992).

      In its charge, the Court emphasized, "In this case, to intentionally misapply money means to intentionally apply the grant money received by CASI in a manner which the defendant knew was unauthorized under the terms and conditions of the grant. Misapplication of money ... does not apply to bona fide salary, wages, fringe benefits, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." The Court then re-emphasized this instruction, "As I said, the government must prove beyond a reasonable doubt that the defendant acted intentionally in misapplying grant money. To find that the defendant acted intentionally,

you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully, that is, the defendant's misapplication must have been the product of defendant's conscious objective to spend the money for an unauthorized purpose, rather than the product of a mistake or accident or some other innocent reason."

The Jury had ample grounds to find the defendant intentionally misapplied the grant money because the evidence showed that, when the first payment of federal grant for research was received by CASI from the Advanced Technology Program in October 2001, CASI had a negligible balance in its bank account, and Defendant drew nine checks payable to herself for back rent on her apartment for months in the year 2000, a year prior to the start of the grant.

Defense counsel distinguishes 18 U.S.C. § 666 from 18 U.S.C. § 656, citing United States v. Castigila, 894 F.2d 533, 537-38 (2d Cir. 1990) ("an intent to injure, defraud or deceive the bank [is] the requisite mens rea under Section 656"), and United States v. Clark, 765 F.3d 297, 303 (2d Cir. 1985) ("to constitute 'misapplication' within the meaning of [§ 656], the bank officer's conduct must involve some risk of pecuniary loss to the bank").  Defense counsel states, "Therefore, in contrast to a conviction for misapplication under § 666, § 656 requires a defendant to act with the requisite intent to defraud."  Letter dated 12/31/08 at 5.

The Court's charge that "In this case to intentionally misapply money means to intentionally apply the grant money received by CASI in a manner which the defendant knew was unauthorized under the terms and conditions of the grant," clearly conveyed to the jury that the government's funds had to be expended intentionally by the Defendant for a purpose not permitted under the terms and conditions of the grant.  Accordingly, based on the charge, the

permitted under the terms and conditions of the grant. Accordingly, based on the charge, the jury had to find that Defendant acted with intent to, and did, defraud the government of its right to have its grant funds used for the research and development purposes for which they were intended, the equivalent of a violation of 18 U.S.C. § 656.

Accordingly, the Court finds that the argument raised in Defendant's letters do not raise a substantial question of law or fact likely to result in reversal, as required by 18 U.S.C. § 3143(b).

The application for bail pending appeal is denied. Dr. Karron must surrender as ordered by the Court on January 10, 2009.

IT IS SO ORDERED.

Dated: New York, New York
       January 8, 2009

                                    _____
                                    Robert P. Patterson, Jr.
                                    U.S.D.J.

Copies of this Order were sent to:

**For the Government:**
Lev. L. Dassin, Acting U.S. Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn:  Chi T. Steve Kwok, Christian R. Everdell
Tel:   212-637-2415/2556
steve.kwok@usdoj.gov
christian.everdell@usdoj.gov

3

*For Defendant:*
Mintz & Oppenheim LLP
260 Madison Avenue, 18th Fl.
New York, NY 10016
Attn:   Laura A. Oppenheim
        Marshall A. Mintz
Tel:    (212)447-1800
Fax:    (212)448-0066
Email: mmintz@minopp.com