Case 1:07-cr-00541-RPP   Document 85   Filed 11/10/09   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 10 2009

MANDATE
08-5287-cr
United States v. Karron

SDNY/NYNY
07-cr-541
Patterson, R

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the seventh day of October, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.*[*]

FILED
OCT 0 7 2009
Catherine O'Hagan Wolfe, Clerk

------------------------------------------------x

UNITED STATES OF AMERICA,

> *Appellee,*

-v.-                                                                                    No. 08-5287-cr

DANIEL B. KARRON,

> *Defendant-Appellant.*

------------------------------------------------x

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

ISSUED AS MANDATE: 11-9-09

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | MARSHALL A. MINTZ, Mintz & Oppenheim LLP (Laura Oppenheim, *on the brief*) New York, NY. |
| **FOR APPELLEE:** | CHRISTIAN R. EVERDELL (Chi T. Steve Kwok, Daniel A. Braun, *of counsel*), for Lev L. Dassin, Office of the United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an October 23, 2008 judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Defendant-appellant Daniel B. Karron was convicted of intentionally and knowingly misapplying funds under the care of a company receiving federal funds in violation of 18 U.S.C. § 666, after a jury trial ending on June 11, 2008. Defendant was sentenced principally to a custodial sentence of fifteen months, followed by three years of supervised release, and $125,000 in restitution. On October 27, 2008, Judge Patterson amended the judgement directing defendant to serve the sentence as follows: seven-and-a-half-months' imprisonment, followed by seven-and-a-half months of home confinement. Defendant appeals that conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Defendant argues that (1) the jury instructions were erroneous because they omitted an element of the crime—specifically, the jury was instructed to find that defendant "intentionally misapplied" funds but should have been instructed that an "intent to defraud" is an element of "misapplication" of funds, and (2) 18 U.S.C. § 666 is void for vagueness.

We review a claim of error in jury instructions *de novo*, *see, e.g., United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006), but reversal is only appropriate when the charge, viewed as a whole, "either failed to inform the jury adequately of the law or misled the jury about the correct legal rule," *United States v. Ford*, 435 F.3d 204, 209-10 (2d Cir. 2006). "To secure reversal based on a flawed jury instruction, a defendant must demonstrate both error and ensuing prejudice." *United States v. Quinones*, 511 F.3d 289, 313 (2d Cir. 2007). Defendant argues that the District Court erred by failing to instruct the jury that it needed to find that defendant acted with the specific intent to defraud or injure the government. Defendant further contends that the instructions given by the District Court prejudiced defendant because they precluded the argument that defendant's misapplication of funds was intended to benefit the grant-recipient organization, a legitimate purpose.

In *United States v. Urlacher*, we defined the term "intentional misapplication" to include misuse of federal funds for "otherwise legitimate purposes." 979 F.2d 935, 938 (2d Cir. 1992). *Urlacher*'s holding has been followed uniformly by other courts that have considered the issue, including the First, Sixth, Seventh, and Tenth Circuits. *See, e.g., United States v. Cornier-Ortiz*, 361 F.3d 29, 37 (1st Cir. 2004); *United*

2

*States v. Frazier*, 53 F.3d 1105, 1110-11 (10th Cir. 1995). We are bound by *Urlacher* to conclude that the jury instructions were not erroneous. Nor was defendant prejudiced by the instructions because trial counsel was not precluded from presenting evidence or cross-examination showing that defendant did not intend to defraud the government or undermine the grant program, or that defendant acted with the purpose of benefitting the grant recipient.

Defendant asserts the void-for-vagueness argument for the first time on appeal. The issue is therefore waived, and reviewed only for plain error. Fed. R. Crim. P. 51, 52. In order to show plain error defendant must establish an error occurred that is "clear or obvious under current law" and that the error affected defendant's "substantial rights." *United States v. Gonzalez*, 110 F.3d 936, 945-46 (2d Cir. 1997). We find no error under the clear law set forth in *Urlacher*.

### CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
DEPUTY