USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL B. KARRON,

           Movant,

    -against-

UNITED STATES OF AMERICA,

           Respondent.

------------------------------------------------------------X

ORDER DIRECTING

ORIGINAL SIGNATURE

07 Cr. 0541-01 (RPP)

11 Civ. 1874 (RPP)

ROBERT P. PATTERSON, United States District Judge:

    Movant brings a Motion under 28 U.S.C. § 2255 *pro se*. The Court directs Movant to resubmit the signature pages of the Motion and the "Memorandum of Facts and Law" with original signatures within thirty (30) days of the date of this Order as detailed below.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); Section 2255 Rules, Rule 2(b)(5); see Local Civil Rule 11.1(a)(3). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." Becker v. Montgomery, 532 U.S. 757, 764 (2001).

    Movant submitted the Motion and the Memorandum without signatures. Therefore, Movant is directed to resubmit the signature pages of the Motion and the Memorandum with original signatures to the Court within thirty (30) days of the date of this Order.[1]

    If Movant fails to comply with this Order within the time allowed, the action will be dismissed.

---

[1] For Movant's convenience, copies of the signature pages of the Motion and the Memorandum are attached. Movant must return the signature pages with original signatures to the Court within thirty (30) days of the date of this Order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
ROBERT P. PATTERSON
United States District Judge

Dated: March 25, 2011
New York, New York