Patterson J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                          :
UNITED STATES OF AMERICA                  :        ORDER
                                          :
            -v.-                          :        S2 07 Cr. 541 (RPP)
                                          :
DANIEL KARRON,                            :
                                          :
            Defendant.                    :
-------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 2/15/12

WHEREAS, on or about May 21, 2008, Daniel Karron (the "defendant") was charged in Superseding Indictment S2 07 Cr. 541 (RPP) (the "Indictment") with one count of federal program fraud, in violation of, Title 18, United States Code, Section 666;

WHEREAS, the Indictment included a forfeiture allegation seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a) (1) (C) and 28 U.S.C. § 2461, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the commission of the offense alleged in Count One, including but not limited to, all right, title, and interest of the defendant in the condominium apartment known as Unit 4N, 300 East 33rd Street, New York, New York 10016 (the "Condominium");

WHEREAS, on or about June 28, 2007, a Notice of Pendency was filed against the Condominium in the Office of the County Clerk for New York County;

WHEREAS, on or about November 7, 2007, upon the request of the defendant to retrieve and copy certain files the defendant alleged were material to his defense that were then stored in computer equipment seized by federal law enforcement agents pursuant to a seizure warrant, this Court entered an Order directing the Government to pay the necessary fees for the data duplication process, plus interest, up to $30,000, and directed the defendant to execute a note agreeing to reimburse the Government for the cost of the duplication process, plus interest, up to $30,000 (the "Duplication Costs"). A copy of the Order is attached hereto as Exhibit A and is fully incorporated by reference herein;

WHEREAS, on or about November 27, 2007, the Court endorsed a Stipulation and Order between the Government and the defendant pursuant to which the defendant agreed and was ordered to take all necessary steps forthwith to effectuate the sale of the Condominium in order to obtain the necessary funds to reimburse the Government for the Duplication Costs. A copy of the Stipulation and Order is attached hereto as Exhibit B and is fully incorporated by reference herein;

WHEREAS, on or about June 11, 2008, the defendant was found guilty by a jury on Count One of the Indictment;

WHEREAS, on or about October 23, 2008, as amended on or about October 31, 2008, the defendant was sentenced, *inter alia*, to pay restitution in the amount of $120,000. Forfeiture was not ordered as part of the defendant's sentence;

WHEREAS, on or about June 17, 2008, the defendant's attorney tendered to the Government a check payable to the United States Marshals Service in the amount of $30,310.43

2

(the "Funds"), representing a portion of the proceeds from the sale of the Condominium and for the purpose of reimbursing the Government for the Duplication Costs;

WHEREAS, the Funds are being held on deposit by the United States Marshals Service ("USMS") pending further Order of the Court.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    The USMS, or its designee, shall issue a check in the amount of $30,000.00 payable to the "United States Attorney's Office, S.D.N.Y.," representing the defendant's outstanding obligation to reimburse the Government for the Duplication Costs. The USMS, or its designee, shall forward said check, with the reference "U.S. v. Karron, 07 Cr. 541, Duplication Costs," to Assistant United States Attorney Barbara A. Ward, One St. Andrew's Plaza, New York, New York, 10007.

2.    The USMS, or its designee, shall transfer the balance of the Funds to the Clerk of the Court, United States District Court, Southern District of New York, for partial payment on the defendant's outstanding restitution judgment.

3.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Barbara A. Ward, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
February 14 , 2012

SO ORDERED

_____
HONORABLE ROBERT P. PATTERSON
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        -v.-                    :        ORDER

DANIEL B. KARRON,                 :        S1 07 Cr. 541 (RPP)

        Defendant.             :

- - - - - - - - - - - - - - - - x

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 11/7/07         │
└─────────────────────────────┘
```

        Upon the request of Daniel B. Karron, the defendant, by and through his attorney Ronald Rubinstein, Esq., to retrieve and copy certain files purportedly material to his defense currently stored in the computers, data drives, and other electronic storage devices ("the Computer Equipment") seized by federal law enforcement agents on or about June 26, 2007, pursuant to a Seizure Warrant signed by Magistrate Judge Douglas F. Eaton on or about June 19, 2007:

        It is found that the defendant and the Government have agreed that the retrieval and duplication of the computer files ("the duplication process") be handled by a qualified independent computer forensic expert, Art Ehuan of Digital First Discovery, and his designated representatives;

        It is further found that the defendant, by and through his attorney, has consented to bear the full cost of the duplication process charged by Digital First Discovery, including any and all advance fees and/or deposits requested by Digital First Discovery;

NOV-06-2007  18:08          912126372527                    912126372527    P.03

It is further found that the defendant, by and through his attorney, informed the Court at the November 6, 2007, status conference that he missed the November 1, 2007, deadline for the completion of the duplication process previously imposed by the Court because he was financially unable to pay the advance fees and/or deposits requested by Digital First Discovery;

Therefore, it is ORDERED that the Government pay Digital First Discovery the necessary fees for the duplication process up to $30,000, so that the duplication process can begin forthwith and be completed by November 20, 2007;

It is further ORDERED that the defendant execute a note agreeing to reimburse the Government for the cost of the duplication process, with interest, up to $30,000;

It is further ORDERED that the defendant take all necessary steps forthwith, including, but not limited to, the public listing of the property, to effectuate a sale of his condominium located at 300 East 33rd Street, Unit 4N, New York, NY 10016, in order to secure the necessary funds to reimburse the Government for the cost of the duplication process.

Dated:    New York, New York
          November 6, 2007

THE HONORABLE ROBERT P. PATTERSON
UNITED STATES DISTRICT JUDGE

2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :        STIPULATION AND ORDER

                -v.-                :        S1 07 Cr. 541 (RPP)

DANIEL B. KARRON,                   :

                Defendant.          :

- - - - - - - - - - - - - - - - - x

        WHEREAS, a Grand Jury sitting in the Southern District
of New York returned the First Superseding Indictment in the
above-captioned matter on or about June 25, 2007, alleging that
the defendant, who was the President and Chief Technical Officer
of Computer Aided Surgery, Inc. ("CASI"), knowingly misapplied
more than $5,000 in Federal funds from an Advanced Technology
Program grant awarded to CASI by the National Institute of
Standards and Technology toward the payment of unauthorized
expenses;

        WHEREAS, the First Superseding Indictment contains a
Forfeiture Allegation stating that, in the event the defendant is
convicted of the offense charged in the First Superseding
Indictment, the defendant shall forfeit to the United States,
pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all
property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of the offense, including,
but not limited to, the following:

                a.    At least $390,000 in United States currency;

b.    All right, title, and interest of the
defendant in all that lot or parcel of land, together with its
buildings, appurtenances, improvements, fixtures, attachments and
easements, located at 300 East 33rd Street, Unit 4N, New York, NY
10016;

WHEREAS, the First Superseding Indictment also contains
a Substitute Asset Provision stating that, in the event the
above-described forfeitable property becomes unavailable, it is
the intent of the United States, pursuant to 21 U.S.C. § 853(p),
to seek forfeiture of any other property of the defendant up to
the value of the forfeitable property;

WHEREAS, on or about June 28, 2007, a Notice of
Pendency was filed against the defendant's condominium, located
at 300 East 33rd Street, Unit 4N, New York, NY, in the County
Clerk's office for the county of New York;

WHEREAS, upon the request of the defendant to retrieve
and copy certain files purportedly material to his defense stored
in the computers, data drives, and other electronic storage
devices seized by federal law enforcement agents pursuant to a
Seizure Warrant signed by Magistrate Judge Douglas F. Eaton, the
Honorable Robert P. Patterson, on or about November 6, 2007,
entered an Order directing the Government to pay the necessary
fees for the duplication process up to $30,000;

WHEREAS, in the November 6, 2007 Order, Judge Patterson

2

ordered the defendant to execute a note agreeing to reimburse the Government for the cost of the duplication process, with interest, up to $30,000;

WHEREAS, in the same Order, Judge Patterson also ordered the defendant to take all necessary steps forthwith to effectuate a sale of his condominium located at 300 East 33rd Street, Unit 4N, New York, NY 10016, in order to obtain the necessary funds to reimburse the Government for the cost of the duplication process;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through Assistant United States Attorney Chi T. Steve Kwok, the defendant, and his counsel Ronald Rubinstein, Esq., that:

1.   The defendant's condominium is located at 300 East 33rd Street, Unit 4N, New York, NY, more fully described as Parcel No. 09363055, Book 002611-9406, Page 002242-9463, in the County Clerk's office for the county of New York ("the Condominium");

2.   The defendant represents that he has taken and will continue to take all necessary steps, including the public listing of the property, to effectuate the sale of the Condominium at arm's length for fair market value;

3.   The defendant hereby acknowledges that he will pay the Government the cost of duplication up to $30,000 that will be

3

charged to the Government by Digital First Discovery, the mutually agreed-upon computer forensic expert retained to conduct the retrieval and duplication of the computer data, plus accrued interest;

       4.   The defendant hereby further acknowledges that he will reimburse the Government for the cost of duplication out of the net proceeds from the sale of the Condominium;

       5.   The parties agree that the net proceeds from the sale of the Condominium will be remitted to the custody and control of the United States Marshals Service either by issuing a check made payable to the United States Marshals Service or by wire transfer, and held by the United States Marshals Service pending further order of the Court;

       6.   The net proceeds shall include all monies realized from the sale of the Condominium, except for the following:

       a.   Reasonable and customary real estate commissions, if any;

       b.   Any other real estate or property taxes which are due and owing;

       c.   Insurance costs, if any;

       d.   Escrow fees;

       e.   Document recording fees not paid by the buyer;

       f.   Title fees;

4

g.   County or state transfer fees;

h.   Reasonable and customary real estate attorney
fees, if any;

7.   The defendant agrees that he will retain custody,
control, and responsibility for the Condominium and maintain it
appropriately until the sale has been completed;

8.   The Government agrees to extinguish its Notice of
Pendency as to the Condominium at the closing of the sale of the
Condominium;

9.   The parties hereby waive all rights to appeal or
to otherwise challenge or contest the validity of this
Stipulation and Order;

10.   The signature pages of this Stipulation and Order
may be executed in one or more counterparts, each of which will

5

be deemed an original but all of which together will constitute

one and the same instrument.


Agreed and consented to:
MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2415

_____          11/26/07
Chi T. Steve Kwok                         Date
Assistant United States Attorney


_____          11/26/2007
Daniel B. Karron                          Date
Defendant


_____          11-26-07
Ronald Rubinstein, Esq.                   Date
Attorney for the defendant



SO ORDERED:

_____          11/26 /2007
THE HONORABLE ROBERT P. PATTERSON          Date
UNITED STATES DISTRICT JUDGE




6