

D. B. Karron, Ph. D.
348 East Fulton Street
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
Facsimile +1 (516) 308 - 1982
Voice +1 (516) 515 - 1474

Friday, February 16, 2012Friday, February 17, 2012 at 07:37:47 Hours

1
Hon. Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Attention: Robert. Monteagudo
By fax to 212-805-7917

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/12

RE: Karron, v USA, 12 Civ. 0118 (RPP) 11-civ-1874 (RPP) and 07-cr - 541 (RPP)

Motion for Stay of Order (Docket #101)

Dear Judge Patterson;

The sum of $30,310.43[1], all that remained from the court ordered $515,000 sale price of

my former lab/apartment, sat un-noticed and undisbursed since 2008 (hopefully earning

interest[2]).  Similarly, $54,500 sat (as of 2007, and may still be sitting) in the CASI ATP Treasury

account with unexpended grant funds; the grant project was never terminated, only suspended,

the funds available.

We never did see any invoices, timesheets, or written reports from Mr. Ehuan, the contact

person with Digital First Discovery.  Contemporaneous cost estimates were only $10,000 to

15,000.[3]  CASI supplied all of the 20 computer disks hardware for this project[4], to reduce cost.

---

[1] 07-cr - 541 (RPP)Docket Item 101 Court Order of Feb 14: (WHEREAS, on or about June 17,2008, the defendant's attorney tendered to the Government a check payable to the United States Marshals Service in the amount of $30,310.43)
[2] Local Civil Rule 67.1. Order for Deposit in Interest-Bearing Account
[3] November 26, 2007 Conference Transcript at 20ff line 21: (MR. RUBINSTEIN: What kind of costs are we talking? THE COURT: What kind of costs are we talking about, Mr. Ehuan? MR. EHUAN: Your Honor, it's going to depend on how long it's going to take for him to say this is the data. If it's an hour it's going to be $350. If it's ten hours multiply that by ten. THE COURT: What is the cost going to be once you get your machinery and you are asked to copy let's say I think what Mr. Rubinstein is asking is what is the cost of the entire file going to be? MR. EHUAN: We had anticipated that if it took us a week we were anticipating between [$]10,000 to [$]14, [$]15,000 if we were on site the entire week doing the copying.[this was not the case] THE COURT: And before that you would have what for set-up costs? MR. EHUAN: We haven't even taken that into consideration because after they told us that they wanted to use their hardware we kind of dropped that and said as long as you provide us the hardware we would take care of the imaging. I anticipate that would probably take [...] about a day's worth of work to get

Using Digital Firsts' labor rate of $350/hour[5] and a 40-hour workweek[6] $30,000 represents almost four workweeks of fully attended copying, and this was not the case.

To further save time and money, only the one main business computer hard drives were copied, not the research computers. The bulk of the disk copying was unattended to save costs. A reported power failure during the long holiday required one of the unattended copy sessions be repeated, according to Ms. Laylor and Mr. Ehuan at the time. Mr. Kwok jumped on the budget cap as the total cost[7], but this was refuted by the court at the conference[8], and by the stipulations and documents in the Courts' own orders, all of which repeatedly affirmed and specified $30,000 as a cap, not a cost.

Reimbursing the Department of Justice for costs **possibly** not actually incurred, with no contemporaneous backup invoices, timesheets, written reports or copies of canceled checks in payment, is an injustice.

Sincerely,

D. B. Karron

Petitioner, pro se

---

everything ready. THE COURT: Cost? MR. EHUAN: [$]1000, [$]2000, your Honor. [for the setup] THE COURT: Is that good enough? MR. RUBINSTEIN: There still would be a[in] budget, your Honor. We have budgeted an amount. THE COURT: Maybe the cheapest way to do it is just run it [the whole thing] off.[so copying could be unattended]

[4] November 26, 2007 Conference Transcript, at 5 Line 18 ff, with Mr. EHUAN on speakerphone. THE COURT: Who was supposed to provide the hardware? MR. EHUAN: Dr. Karron's designee. At that time it was Janet or Matt Rothman, sir. THE COURT: I see. So that was the only reason it didn't go ahead? MR. EHUAN: That is correct, sir. We didn't have the hardware. THE COURT: Which was to be provided by the defendant? MR. EHUAN: Yes, your Honor, that is correct.

[5] October 9, 2007 Conference Transcript , at 3, at 7: Mr. RUBINSTEIN : CASI 18, which is the second machine, which is a newer machine, has 20 hard drives, and First Digital advises me that they believe in one week, in a 40-hour week

[6] October 9, 2007 Conference Transcript, at 3,line 15, Mr. RUBINSTEIN: They get $350 an hour. They require one week's payment in advance before we begin.

[7] November 26, 2007 Conference Transcript: MR. KWOK: The cost of duplication is set at $30,000.

[8] November 26, 2007 Conference Transcript at 24 line 5 THE COURT: That is something that when you pay or when you sell the apartment this [the duplication cost] would be up to a certain amount. MR. KWOK: The cost of duplication is set at $30,000. THE COURT: We have the cost. of duplication but let's get that taken care of. You haven't sold the apartment. MR. RUBINSTEIN: We are executing the stipulation now.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karron

      Petitioner,

-v.-

USA

      Respondent.

12 Civ. 0118 (RPP)
11-civ-1874 (RPP)
07-cr - 541 (RPP)

MOTION TO STAY

      The Petitioner , D. B. Karron, pro se at this time, respectfully requests that the Courts ORDER of February 14[9] be STAYED in its entirety[10] pending a the Governments' presentation of backup evidence for costs actually invoiced and/or incurred.

      The documents presented in support of the Courts ORDER (above) all specify "a not to exceed" $30,000 budget ceiling for the data duplication services rendered in 2008. There was no evidence presented of the **actual** costs incurred by Digital First Discovery, and/or Art Ehuan and his staff, in the execution of the court orders of November 6, 2007.[11] Reimbursement made to the Department of Justice should be for actual invoiced costs and/or disbursements made to Digital First Discovery, not for the "not to exceed" budget "ceiling". No evidence was presented by the Government respondent that Digital First Discovery actually used and/or exceeded all of the budget funding made available to it by the Court.

---

[9] 07-cr - 541 (RPP), Docket item 101, ORDER
[10] 07-cr - 541 (RPP), Docket item 101, (NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT: clauses 1,2 and 3,on Page 3 of ORDER. Specifically,
1. The USMS, or its designee, shall issue a check in the amount of $30,000.00 payable to the "United States Attorney's Office, S.D.N.Y.," representing the defendant's outstanding obligation to reimburse the Government for the Duplication Costs.
2. The USMS, or its designee, shall transfer the balance of the Funds to the Clerk of the Court, United States District Court, Southern District of New York, for partial payment on the defendant's outstanding restitution judgment.
3. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Barbara A. Ward, One S1. Andrew's Plaza, New York, New York, 10007.
[11] 07-cr - 541 (RPP), Docket item 20 (ORDER), 21(ORDER), 22(ENDORSED LETTER)

Signed on this day February 16, 2011

Long Beach, New York

_D B Karron_
_____
Daniel B. Karron
Petitioner
pro se
348 East Fulton Street
Long Beach, NY 11561

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARRON

     Petitioner,

-v.-

USA

     Respondent.

12 Civ. 0118 (RPP)
11-civ-1874 (RPP)
07-cr - 541 (RPP)

AFFIRMATION OF
SERVICE

I, Matt Rothman, declare under penalty of perjury that I have served a copy of the attached

   1. Covering Letter to Judge Patterson
   2. MOTION TO STAY

   upon

Mr. Chi T. Steve Kwok / Mr. Christian R. Everdell / Ms. Barbara A. Ward,
Assistant United States Attorneys
Southern District of New York

All of whom have and share a physical address at

One St. Andrews Plaza,
New York, New York, 10007

And a copy by e-mail to
<Steve.Kwok@usdoj.gov>
<christian.everdell@usdoj.gov>

_____

Matt Rothman
348 East Fulton Street,
Long Beach, New York 11561

Dated: Long Beach, New York
February 17 2012