6/12/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 07-cr-0541 |
| --- | --- |
| -V.- | Memorandum of Law |
| DANIEL B. KARRON | Rule 60(b) |
| Defendant, | |

I am the Petitioner in these cases. I bring the following questions of law to the attention of the Court for its consideration of this case.

# 1 The questions of law presented to this court:

1. Is an original "judgment" of a court "void" when amended and superseded by an "amended judgment"?

If there are two judgments in a criminal case such as is the situation here in USA v KARRON 07-cr-0541, where the first judgment is an "original judgment", and the second is an "amended judgment", that replaces the "original judgment" under FRCP Rule 35(b), is the first judgment "void" in the context of Rule 60(c)? If so, is the original judgment a voidable judgment even if it is not explicitly vacated or set aside by an order of the court on the motion of any party?

2. Should the court explicitly vacate an original voidable judgment when superseded and replaced by properly amended or corrected judgment under Rule 35?

In the following case, when an indictment is replaced or updated by a superseding indictment, the original indictment was explicitly vacated:

> If an indictment is dismissed because of legal defect or grand jury irregularity, the government may return a new indictment within six months of the date of dismissal or within the original limitation period (whichever is later). After the original limitation period has expired, **a superseding indictment may narrow, but not broaden, the charges made in the original indictment.** *See* 18 U.S.C. §§ 3288-3289; *United States v. Miller*, 471 U.S. 130 (1985); *United States v. Grady*, 544 F.2d 598 (2d Cir. 1976). USAM 655. Statute of Limitations and Defective Indictments -- Superseding Indictments

3. Is a "lien" that is based on, and cites, a "void judgment," therefore "imperfect" and "voidable"?

If a lien is filed that cites the original judgment, and that judgment is rendered void by being replaced by an amended judgment, is that lien therefore void? The answer is yes based on the theory of a legal nullity. As defined in various legal dictionaries, a nullity is when an order of the court is without force of law and of no effect, despite the words on the face of the document. In computer science, when an object is void, anything derived from a void object is also void. We use by analogy that concept in law to justify any derived orders, rules, or documents also void if they depend on a void judgment. While the original judgment was not formally declared by the court vacated, it is generally understood to be voided by its successor.

The concept of void propagation is shown here in an opposite situation where the amended judgment was void, *viz*:

> … the amended judgment was void and of no effect. Plaintiff's failure to file a cross-appeal from the amended judgment, thus in a sense allowing it to become final, plainly does not give the amended judgment preclusive effect.[6] The amended judgment is a nullity, and can have no such effect.
>
> In addition, the trial court's subsequent order denying plaintiff's motion to vacate the amended judgment, in that it gives effect to a void judgment, is itself void. (County of Ventura v. Tillett, supra, 133 Cal.App.3d at p. 110, 183 Cal.Rptr. 741.)  While defendants are correct in stating that the order denying the motion to vacate was itself appealable, plaintiff's failure to appeal from it, thus allowing it to become final, makes no difference.  A "final" but void order can have no preclusive effect.  " 'A void judgment [or order] is, in legal effect, no judgment.  By it no rights are divested.  From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' (Bennett v. Wilson (1898) 122 Cal. 509, 513-514, 55 P. 390.)  We conclude that the trial court erred in sustaining defendants' demurrer on the basis of *res judicata*.

4. Is this Rule 60(c) motion procedurally time barred?

Rule 60(c) specifically excludes void judgments and orders of the court in its specification of time limitations; therefore is this motion, even 8 years after the filing of the lien and 9 years after the judgment later, not procedurally barred and can be decided years after the lien is filed?

In the case discussion below, the amended judgment was considered void, not the original judgment. The case was to reinstate the original judgment, the opposite of the question

here, where the original judgment is considered void, superseded by a non-void amended judgment. *viz*:

> A federal motion for relief from a void judgment must be made within a "reasonable time." However, federal courts have reasoned that since a void federal judgment can be collaterally attacked at any time and because the judgment sustaining the collateral attack would have to be given effect in a subsequent motion for relief to set aside the void judgment, the "reasonable time" limitation must generally mean no time limitation, although there may be exceptional circumstances where the reasonable time limitation would require diligence on the part of the movant. Moore's *Federal Practice*, 7 60.25[4] (2d Ed. 1983).

> The doctrine of *res judicata* is inapplicable to void judgments.

> Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud. (7 Witkin, Cal. Procedure, supra, Judgment, § 286, p. 828.)

Are Rule 60(c) motions procedurally time barred? The answer is no.

### 5. Is it too late to for the government to correct the error in an imperfected lien?

The error in the lien (imperfect lien) may not be corrected by the government (perfected) because the time to correct the lien expired 7 years ago by Rule 60(c)(1).

### 6. Can the government retroactively correct an imperfect lien?

If the lien inherits its nullity from the underlying null judgment, then it is not subject to restoration by editing it back to non-nullity. A filed lien cannot be amended, only replaced.

### a. Is setting aside the lien the only remedy available to both parties?

The only action permitted by FRCP Rule 60(b) at this late date on a void judgment and any derived orders of the court is an order of this court to set it aside as specified by 18 U.S. Code § 3613(a).

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections [1] 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United

States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, **set aside**, or is terminated under subsection (b). [**Emphasis added**]

## 2 Conclusions of Law

From the above discussion of the applicable law and the theory of nullity and voidable judgment one can conclude that a null judgment and anything drawing its authority from a null judgment is voidable and subject to being vacated or set aside at any time, without procedural time bars.

## 3 Respectfully Submitted by

*[signature]*

---

Daniel B. KARRON
Defendant
*Pro Se*
e-Mail: drdbkarron@gmail.com
voice: (516) 515 1474
Fax: +1 516 234 7758
Care of Aldine Publications, LLC
1636 Third Avenue
Suite 300,
New York, New York 10128

Dated Monday, June 12, 2017

# 4  Law Citations

### 7. FRCP Rule 60

(1) Federal Rules of Civil Procedure › TITLE VII. JUDGMENT Rule 60. Relief from a Judgment or Order

https://www.law.cornell.edu/rules/frcp/rule_60

### 8. Corrections Based on Clerical Mistakes; Oversights and Omissions.

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

### 9. Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; or it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

### 10. Timing and Effect of the Motion.

Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.

(7) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Other Powers to Grant Relief.

This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding;

(8) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(9) set aside a judgment for fraud on the court.

11. Rule 35(a)

https://www.law.cornell.edu/rules/frcrmp/rule_35

Federal Rules of Criminal Procedure › TITLE VII. POST-CONVICTION PROCEDURES

(1) Rule 35. Correcting or Reducing a Sentence

12. (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
13. (b) Reducing a Sentence for Substantial Assistance.

(2) (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(3) (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which

was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

(c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

14. 18 U.S. Code § 3613 - Civil remedies for satisfaction of an unpaid fine

https://www.law.cornell.edu/uscode/text/18/3613

(4) Enforcement.—

The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

15. Termination of Liability.—

The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

16. Lien.—

A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections [1] 2248, 2259, 2264, 2327, 3663, 3663A, or

3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, **set aside**, or is terminated under subsection (b). **[Emphasis added]**

# 5 The "Square Corners" Doctrine

Posted by Bruce D. Greenberg on Oct 6, 2011 in Appellate Division,

*Estate of Taylor v. Director, Div. of Taxation*, 422 N.J. Super. 336 (App. Div. 2011). In FMC *Stores v. Borough of Morris Plains*, 100 N.J. 418 (1985), the Supreme Court announced the "square corners" doctrine. That doctrine says, in essence, that in dealing with the public, government agencies must "turn square corners," "comport itself with compunction and integrity," and not "conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage" over a member of the public. As the Court observed, this means that "government may have to forego the freedom of action that private citizens may employ in dealing with one another."

In *Estate of Taylor*, plaintiff asserted that the Division of Taxation had engaged in misleading conduct, so that the square corners doctrine dictated a ruling in plaintiff's favor. The Appellate Division, in an opinion by Judge Rodriguez, disagreed that the Division had done anything inequitable, and found the square corners doctrine applicable.

The square corners doctrine is not widely known. It can be a useful weapon, on proper facts, in cases involving government agencies, especially when other doctrines, such as equitable estoppel, which the Supreme Court has said is rarely invokable against a government agency, are not available. Square corners is somewhat analogous to New Jersey's "fairness and rightness" doctrine, which I wrote about in a law review article, "New Jersey's 'Fairness and Rightness' Doctrine," 15 Rutgers L.J. 927 (1984). That doctrine protects citizens against arbitrary government action and goes beyond the protections that the Constitution provides, as the Supreme Court and others have noted in citing that article. Though square corners did not succeed for plaintiff in this case, that doctrine, and related ones such as "fairness and rightness," should be kept in mind.

# 6 Legal Definitions

### 17. Void Judgment

One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092. One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901. See also Voidable judgment. [Black's Law Dictionary, Sixth Edition, p. 1574]

A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment, Henderson v. Henderson, 59 S.E.2d 227, (N.C. 1950).

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is

> "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers."

[Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)]

World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980)

Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed, City of Lufkin v. McVicker, 510 S.X.2d 141 (Twx.Civ.App.-Beaumone 1973).

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).

A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths. And it is then as though trial and adjudication had never been. Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).

Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." (Emphasis ours.)—holding that failure to notify counsel of entry of an order overruling motion for new trial constituted excusable neglect justifying relief under Rule 60.02 (1– in Henry v. Goins, 2003 and 2 similar citations

18. Voidable Judgment

Voidable judgment refers to a judgment that seems to be valid but is defective in some material way. However, voidable judgment is rendered by a court having judgment. Voidable judgment is also considered a irregular or erroneous judgment. A voidable judgment is one that is facially valid and requires proof in order to demonstrate its lack of validity. The appropriate manner for challenging a voidable judgment is through a petition for post-conviction relief.[George W. Kennedy Constr. Co. v. Industrial Com., 152 Ill. App. 3d 114 (Ill. App. Ct. 2d Dist. 1987)].

A judgment entered by a court is void if a court lacks jurisdiction over the parties or subject matter of a lawsuit. A void judgment may be entirely disregarded without a judicial declaration that the judgment is void and differs from an erroneous, irregular, or **voidable judgment.** https://definitions.uslegal.com/v/voidable-judgment/

19. Nullity

Nothing ; no proceeding ; an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which lias absolutely no legal force or effect. Salter v. Hilgen, 40 Wis. 363; .Tenness v. Lapeer County Circuit Judge, 42 Mich. 460, 4 N. W. 220; Johnson v. Dines, 61 Md. 122. Law Dictionary: What is NULLITY? definition of NULLITY (Black's Law Dictionary)

20. Amended Judgment

An amended judgment refers to a trial court correcting a substantive error in an original judgment. Usually a judgment is amended to correct a manifest error of law or fact. Such amendments are made to clear any misconceptions in the original judgment. Any omissions or erroneous descriptions in an original judgment shall also be corrected by amending the judgment. The Federal Rules of civil procedure Rule 59 (e) provide that amended judgment should be issued within 10 days of the original judgment.

Federal Rule of Civil Procedure Rule 59 (e) reads as follows: (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." https://definitions.uslegal.com/a/amended-judgment/

21. Imperfect Lien

A lien for which the holder has not provided a valid claim.: Unperfected Lien http://www.investopedia.com/terms/u/unperfected-lien.asp#ixzz4fWaHsXEH

22. Perfect/Perfected Lien

The verb "perfect" is subject to different meanings, but in the context of real estate, it refers to the act of making complete or taking all required steps to obtain a result, such as obtaining a lien or other security by legal action, or completing and filing all documents to present a case to a court of appeals. It is often used to refer to the filing of a lien with the appropriate entity responsible for land records, such as the county recorder's office. A mechanic's lien for labor and/or materials used to improve real property is "perfected" by filing a lawsuit and obtaining a judgment that the lien attaches to the property.

If a creditor has liens against him/her by more than one person, the person who has perfected their lien will get priority over a lien that is not perfected. State law varies, but the lien created by the statutory framework must be perfected and preserved within the time period set forth in the statutes.

23. Res Judicata

*Res judicata* or *res iudicata*, also known as claim preclusion, is the Latin term for "a matter [already] judged", and refers to either of two concepts: in both civil law and common law legal systems, a case in which there has been a final judgment and is no longer subject to appeal; and the legal doctrine meant to bar (or preclude) continued litigation of a case on same issues between the same parties. In this latter usage, the term is synonymous with "preclusion".

In the case of *res judicata*, the matter cannot be raised again, either in the same court or in a different court. A court will use *res judicata* to deny reconsideration of a matter.

The legal concept of *res judicata* arose as a method of preventing injustice to the parties of a case supposedly finished, but perhaps mostly to avoid unnecessary waste of resources in the court system. *Res judicata* does not merely prevent future judgments from contradicting earlier ones, but also prevents litigants from multiplying judgments, and confusion.

24. Equitable tolling

Equitable tolling is a principle of law stating that a statute of limitations shall not bar a claim in cases where the plaintiff, despite use of due diligence, could not or did not discover the injury until after the expiration of the limitations period. he United States Supreme Court elucidated:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been

much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. ... But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect. [Irwin v. Department of Veterans Affairs, 498 U. S. 89, citations omitted]

# 7 Case Law

## 25. OCHIN v. PAT JOHNSON MANUFACTURING COMPANY

http://caselaw.findlaw.com/ca-court-of-appeal/1390325.html

Court of Appeal, Second District, Division 4, California.

Joe ROCHIN, Plaintiff and Appellant, v. PAT JOHNSON MANUFACTURING COMPANY et al., Defendants and Respondents. No. B114612. Decided: November 19, 1998

III. A Void Judgment Is Subject to Attack At Any Time, Either Directly or By Way of an Independent Action in Equity

A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time. (See County of Ventura v. Tillett (1982) 133 Cal.App.3d 105, 110, 183 Cal.Rptr. 741; disapproved of on other grounds by County of Los Angeles v. Soto (1984) 35 Cal.3d 483, 198 Cal.Rptr. 779, 674 P.2d 750; see also Security Pac. Nat. Bank v. Lyon (1980) 165 Cal.Rptr. 95, 105 Cal.App.3d Supp. 8, 13.) An attack on a void judgment may also be direct, since a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored. (Olivera v. Grace (1942) 19 Cal.2d 570, 574, 122 P.2d 564.)

In sustaining plaintiff's demurrer without leave to amend, the trial court in the present action agreed with defendants' contention that the statute of limitations governing actions for fraud served to bar the plaintiff's action. (Code Civ. Proc., § 338, subd. (d).) Based on the above authorities which hold that a judgment void on its face may be attacked at any time, we conclude that this was an erroneous basis on which to sustain defendants' demurrer.

IV. The Doctrine of *Res Judicata* Is Inapplicable to Void Judgments

Defendants contended below and the trial court agreed in sustaining plaintiff's demurrer that the present action is barred by the doctrine of *res judicata*. Specifically, defendants assert that plaintiff's failure to file a cross-

appeal from the amended judgment resulted in the amended judgment becoming final and having preclusive effect. Defendants also contend that plaintiff's failure to file a notice of appeal (rather than a petition for writ of mandate), from the trial court's May 23, 1996, order denying plaintiff's motion to vacate the amended judgment also resulted in that order becoming final and having preclusive effect. We disagree.

The doctrine of *res judicata* is inapplicable to void judgments. "Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud. [Citations.]" (7 Witkin, Cal. Procedure, supra, Judgment, § 286, p. 828.)

As discussed above, the amended judgment was void and of no effect. Plaintiff's failure to file a cross-appeal from the amended judgment, thus in a sense allowing it to become final, plainly does not give the amended judgment preclusive effect.6 The amended judgment is a nullity, and can have no such effect.

In addition, the trial court's subsequent order denying plaintiff's motion to vacate the amended judgment, in that it gives effect to a void judgment, is itself void. (County of Ventura v. Tillett, supra, 133 Cal.App.3d at p. 110, 183 Cal.Rptr. 741.) While defendants are correct in stating that the order denying the motion to vacate was itself appealable, plaintiff's failure to appeal from it, thus allowing it to become final, makes no difference. A "final" but void order can have no preclusive effect. " 'A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' [Citation.]" (Bennett v. Wilson (1898) 122 Cal. 509, 513-514, 55 P. 390.) We conclude that the trial court erred in sustaining defendants' demurrer on the basis of *res judicata*.

### 26. Void Judgment

The U.S. Supreme Court stated that if a court is

"without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." [Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)]

Page 13 of 15

(4) Authorities on Void Judgments:

A void judgment is one which, from its inception, was a complete nullity and without legal effect. See Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972)

A void judgment is one which from the beginning was complete nullity and without any legal effect. See Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).

Void judgment is one that, from its inception, is complete nullity and without legal effect. Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992).

A void judgment is one which, from its inception, was a complete nullity and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985).

A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree. Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App. 1985). A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, City of Los Angeles v. Morgan, 234 P.2d 319 (Cal.App. 2 Dist. 1951).

*Res judicata* consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect, Allcock v. Allcock, 437 N.E.2d 392 (Ill.App.3 Dist. 1982).

A void judgment has no effect whatsoever and is incapable of confirmation or ratification, Lucas v. Estate of Stavos, 609 N.E.2d 1114, rehearing denied, and transfer denied (Ind. App. 1 Dist. 1993).

Void judgment is one that from its inception is a complete nullity and without legal effect Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998).

Void judgment, such as may be vacated at any time is one whose invalidity appears on face of judgment roll, Graff v. Kelly, 814 P.2d 489 (Okl. 1991).

A void judgment is one that is void on face of judgment roll, Capital Federal Savings Bank v. Bewley, 795 P.2d 1051 (Okl. 1990).

Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed, City of Lufkin v. McVicker, 510 S.X.2d 141 (Twx.Civ.App.-Beaumone 1973).

A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App.-Waco 1951).

Invalidity needs to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record, Cockett Oil Co. v. Effie, 374 S.W.2d 154 (Mo.App.1964).

Void order may be attacked, either directly or collaterally, at any time, In Re Estate of Steinfield, 630 N.E.2d 801, certiorari denied, See also Steinfeld v. Hoddick, 513 U.S. 809 (Ill. 1994).

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).

A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by).  No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths.  And it is then as though trial and adjudication had never been.  Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).