UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-V.-

DANIEL B KARRON

Defendant

07-cr-0541
DECLARATION and ARGUMENT of KARRON in support of MOTION to vacate judgment and set aside lien by Rule 60(c)

I, Daniel B. Karron, declare under the penalty of perjury the following statements.

SUMMARY OF ALLEGED FACTS.

I am the Defendant in this case. Please see the additional supporting "Stipulation of Agreed to Facts" for additional facts to be admitted into evidence  .

The facts in support of my principle argument are:

- I was found guilty of misappropriation of grant funds after an eight-day jury trial on June 11, 2008, under USC 666(a) in USA v KARRON 07-cr-0541(RPP). Docket Item
- The "Original Judgment" was filed in the "Judgment Money Book"         on October 28, 2008, as #08,1970 as to Daniel B. Karron in the amount of $125,000.00.  This document will be henceforth referred to the "Original Judgment"
- The Court then amended that original judgment on October 31, 2008, and issued an Amended Judgment.  This document will henceforth be referred to as the "Amended Judgment".
- The Court made the Amended Judgment which specified a restitution and total amount of $120,000.
- The government continued to invoice and reference the Original Judgment in the amount of $125,000.00
- A lien was placed against my property in Nassau County, State of New York by the Government signed November 8, 2008, recorded December 12, 2009, at 11:30:42, Control number 755, Reference number FT 139295, in Nassau County for $125,000.00.  This lien will henceforth be referred to as "The Lien".
- The Lien references the Original Judgment.
- The government has ignored the Amended Judgment this day, nine years hence.

RECEIVED 6/12/17

My main argument is that the Original Judgment and The Lien are null and void.

Based on the facts, law, and argument below I respectfully move this court for

- an order to vacate the original Judgment under Rule 60(c) and
- an order to set aside the lien under 18 U.S. Code § 3613(c) derived from the original Judgment
- an order to conduct Discovery under Rule 16 as to who in the government knew what and when about this error and why this information was kept from the Defendant for 9 years.

This lien is encumbering my property and has and is causing me enduring financial harm (Civil Death). This lien is blocking funds need to pay for counsel to challenge the nullified criminal and civil judgments and liens.

Therefore, I make this motion *pro se* and affirm that my IFP status remains the same and in effect to this day

These errors are not harmless; My continuing Civil Death is harm. The lapse in court procedures or rules harms the public subject to unvacated but nullified judgments.

ARGUMENT 1

- The Original Judgment and the Amended Judgment are "Separate Documents" in the sense of Federal Rule of Civil Procedure 58(a)

- The original Judgment is a legal nullity, being null and void by virtue of being completely replaced by the Amended Judgment.

- Any documents citing the original nullified Judgment as evidence of its authority are also nullified.

- The Lien cites the nullified Original Judgment and is therefore also null and void.

- The one year window of opportunity by the government to correct the null judgment reference on the government's lien by Rule 60(b) has long long ago passed, and

- The nullified original Judgment is eligible to be vacated by an order of this court.

- The nullified lien is eligible to be set aside by an order of this court.

ARGUMENT 2: ERRORS ARE NOT HARMLESS

The government's reliance on the nullified Original Judgment is not harmless as defined in Rule 52. These harms are not moot. These errors have caused me enduring personal and financial problems over the years.

ARGUMENT 2: ERROR is not retroactively correctable:

A unperfected lien may not be perfected by retroactive backdated amendment; It can only be set aside.

ARGUMENT 2: EXAMPLE 1: CONTRADICTORY ORDERS TO SURRENDER

Evidence of contradictory punitive authority commenced as soon as I was re-sentenced in 2008. The authority problem started with contradictory surrender orders. I was ordered to surrender the US Marshalls' service in SDNY, but I had already received the Probation office's written orders to surrender at the Federal Prison Camp at Alderson West Virginia. When I showed up at Alderson FPC to surrender, I was instructed that I should have surrendered in Manhattan.

While at the gate in Alderson, I was ordered to return and report in Manhattan. I would have been in trouble before I started serving, had I not carried original written orders to report at FPC Alderson. Without such documentation, the SDNY Marshals would have promptly reported that I had absconded. My friend and former neighbor, Mary Warden, drove me for 12 hours from Long Beach, New York, to Alderson, West Virginia, the day prior to my surrender appointment. We stayed overnight so I would not be late to surrender.

Had we had to turn around and drive back to re-report to Manhattan I could have been arrested along the way for escaping or absconding. Ms. Warden would have also been culpable as an accessory to my escape. The Marshalls Service insisted that I was to report to them directly in the SDNY, as specified in "the Judgment." The Alderson staff, to their credit, re-negotiated my surrender at Alderson by phone calls to the US Marshalls Service in New York. At that time, I had not realized that there were contradictory Judgments being referenced by the Government.

While serving my sentence at Alderson it turned out that the BoP intended to keep me for 15 months, not the 7 and ½ months determined at sentencing. That required negotiation by my criminal attorney to correct as well. Now we need to know which Judgment they were referring to. That was the source of the enduring problems with probation and the Department of Justice over the years.

ARGUMENT 2: EXAMPLE 2: DISCREPANCY IN BALANCE OWED: $120,000 or $125,000

The balance I owe on the criminal judgment has been overstated by $5,000, beginning at the time of my second sentencing and judgment in 2008, nine years ago. I have been paying into the restitution account for years, incorrectly believing the restitution balance was $125,000. I can now show the true amended restitution was $120,000.

Further, my property has been liened for $125,000. At this stage, the lien encumbers a significant sum of money, which I need.

The only action permitted by FRCP Rule 60(b) at this late date on a nullified judgment is an order of this court is to set it aside as specified by 18 U.S. Code § 3613(c)[i].

CONCLUSION: I seek to move this court:

- to issue an order to vacate the nullified original Judgment by Rule 60(b) (4 and 5),[ii]
- to issue an order to set aside the derived lien against myself and my property by Rule 60(b)(5) and 18 U.S. Code § 3613(c)
- to conduct Discovery under Rule 16

I declare under penalty of perjury that the foregoing facts are true and correct.

Signed

*[signature]*

_____
Daniel B. KARRON
Defendant *Pro Se*
e-Mail: drdbkarron@gmail.com
voice: (516) 515 1474
Fax: +1 516 234 7758
Care of Aldine Publications, LLC
1636 Third Avenue Suite 300,
Dated Friday, June 09, 2017
New York, New York 10128

# Law Cited

---

[i] The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, **set aside**, or is terminated under subsection (b). [**Emphasis added**]

[ii] Rule 60. Relief from a Judgment or Order
(b) Grounds for Relief from a
  Final Judgment,
  Order, or
  Proceeding.
On motion and just terms, the court may relieve a party […] from a
  final judgment,
  order, or
  proceeding
for the following reasons:
  (4) the judgment is void;
  (5) the judgment […]
    it is based on an earlier judgment that has been
    reversed or
    vacated; […]

Declaration of KARRON in support of MOTION DBK01.docx
https://1drv.ms/w/s!AtugUUuN9g83gvcJTN2siu4B4BPOaQ                                               Page 5 of 5