

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 29, 2017

**BY ECF**

The Honorable Kevin P. Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

   Re:  <u>United States</u> v. <u>Daniel B. Karron</u>, 07 Cr. 541 (PKC)

   Daniel B. Karron (the "Petitioner") has filed a motion and various related papers that he has styled as a motion to vacate and for discovery (the "Motion"). (*See generally* Dkts. 114, 116, 118, 119, 120). As far as the Government can discern,[1] the Motion seeks relief based on the Petitioner's claim that the Government has improperly obtained a lien against the Petitioner based on a criminal judgment requiring the Petitioner to pay restitution that was subsequently amended. The Petitioner argues that the original judgment should be vacated, that the Government's lien relying on that judgment should be set aside, and that the Petitioner is entitled to discovery, apparently based on the Petitinoer's assumption that the facts as alleged in the Motion were the result of Government misconduct. The Motion lacks merit and should be denied.

## I.  Factual Background

   In June 2008, a jury found the Petitioner guilty of misapplying federal grant funds, in violation of Title 18, United States Code, Section 666. (*See* Dkt. 68). The Petitioner was originally sentenced by the Honorable Robert P. Patterson, Jr. on October 20, 2008 (the "Original Sentencing Hearing"). At the Original Sentencing Hearing on October 20, 2008, Judge Patterson ordered that the Petitioner pay $120,000 in restitution, to be paid in monthly installments of ten percent of the Petitioner's gross monthly income, plus a $100 special assessment. (*See* Excerpted Tr. of Original Sentencing Hearing, attached hereto as Exhibit A, at 91:22, 93:3-94:1, 95:18-96:2). Judge Patterson principally sentenced the Petitioner to 7 ½ months' home confinement to be followed by 7 ½ months' imprisonment. (*See id.* at 91:17-20).

---

[1] The Government has responded to the Petitioner's arguments as far as it understands them. If the Court identifies any additional arguments in the Motion and related papers that it would like to have addressed, the Government respectfully requests an opportunity to submit additional briefing at the Court's request.

Shortly after the Original Sentencing Hearing, Judge Patterson issued a Judgment against the Petitioner (the "Original Judgment," Dkt. 68). With respect to restitution, the Original Judgment listed the restitution amount in five different places. In four places, the Original Judgment listed the correct amount of $120,000. (*See* Dkt. 68 at 5). However, the first mention of restitution in the Original Judgment showed an incorrect amount of $125,000. (*See id.*). The docket entry that summarized the contents of the Original Judgment repeated this error and listed $125,000 as the restitution amount. (*See* docket entry for Dkt. 68). Likewise, $125,100 (the incorrect restitution amount plus the $100 special assessment) were apparently entered into the Clerk's ledger for money judgments. (*See* October 23, 2008 docket entry). With respect to sentence, the Original Judgment correctly reflected the Petitioner's 15-month sentence, which was ordered to begin with 7 ½ months' home confinement, to be followed by 7 ½ months' imprisonment. (*See id.* at 2). Based on the Original Judgment, the Government filed a notice of lien against the Petitioner in Long Beach, New York in the amount of $125,000 (the "Original Notice of Lien," attached hereto as Exhibit B).

On October 27, 2008, Judge Patterson conducted a second hearing with respect to the Petitioner's sentence (the "Second Sentencing Hearing"). Prior to the Second Sentencing Hearing, the Probation Department had notified Judge Patterson that it would not honor the split sentence imposed in the Original Judgment because it provided for home confinement *first*, to be followed by imprisonment. (*See* Transcript of Second Sentencing Hearing, attached hereto as Exhibit C, at 2:2-9). As such, at the Second Sentencing Hearing, Judge Patterson ordered that the Petitioner's sentence would be amended to 7 ½ months' imprisonment, to be followed by 7 ½ months' home confinement. (*See id.* at 5:24-6:5). Judge Patterson ordered that the $100 special assessment and restitution ordered at the Original Sentencing Hearing on October 20, 2008 would remain in effect. (*See id.* at 6:12-17).

After the Second Sentencing Hearing, the Court issued an amended judgment against the Petitioner (the "Amended Judgment," Dkt. 71-2). The Amended Judgment reflects the modified split sentence received by the Petitioner. The Amended Judgment also correctly lists the restitution amount as $120,000 throughout. (*See id.* at 5). Based on the Amended Judgment, the Government filed an amended notice of lien against the Petitioner in Long Beach, New York in the amount of $120,000 (the "Amended Notice of Lien," attached hereto as Exhibit D).

According to payment records maintained by the Government ("Petitioner Payment History"), Petitioner first made a payment toward the $120,000 restitution order and $100 special assessment on or about February 10, 2009. (*See generally* Petitioner Payment History, attached hereto as Exhibit E).[2] As of August 23, 2017, when the Government last retrieved the Petitioner Payment History, the Petitioner had paid just $4,127.93 towards the restitution order and special assessment, and owed a principal balance of $115,972.07. (*See id.*). Together, the Petitioner's payments and outstanding balance totaled $120,100—the $120,000 in restitution and $100 special assessment that the Petitioner was ordered to pay as a result of the Petitioner's 2008 criminal conviction.

---

[2] Due to the potentially sensitive nature of certain information reflected in the Petitioner Payment History, and in an abundance of caution, the Government has redacted this document for filing.

## II.     Discussion

Setting aside the Petitioner's misguided citations to inapplicable provisions of both the Criminal and Civil Rules of Federal Procedure, the Motion is at base a request to set aside the Original Judgment and the Original Notice of Lien, and for discovery. These requests are frivolous.

At the outset, the Government notes that the Petitioner's challenge to the Original Notice of Lien is not properly raised as a motion in the Petitioner's criminal case but, rather, is a civil matter that should be raised in a civil proceeding, if at all. The Petitioner should be required to file a civil action if the Petitioner wishes to proceed with these arguments. Nevertheless, any such challenge based on the claims set forth in the Motion would be baseless.

The Motion proceeds on the premise that the Original Judgment is "void" and that, as a result, the Original Notice of Lien relying on the Original Judgment is likewise void. The Motion misses the point. Crucially, after the Amended Judgment was issued, the Government filed an Amended Notice of Lien in the amount of $120,000. Further, as documented in the Petitioner Payment History, the Government has correctly calculated the Petitioner's total principal liability for restitution and the $100 special assessment as $120,100 – as ordered by Judge Patterson in the Amended Judgment (and, with the exception of an apparent typographical error in one place, in the Original Judgment). The Petitioner is simply incorrect when the Petitioner claims that the Government has "continued to invoice and reference the Original Judgment in the amount of $125,000" and "has ignored the Amended Judgment." (*See* Dkt. 119 at 1).

Likewise, the Petitioner's request for Rule 16 discovery has no basis. The criminal case against the Petitioner has long since been resolved. Federal Rule of Criminal Procedure 16 simply does not apply to the Motion. In any event, no discovery is appropriate here. The Motion reflects nothing more than the Petitioner's latest, futile attempt to attack the criminal judgment, restitution order, and resulting lien against the Petitioner. As it was entitled to do, the Government properly obtained a lien based first on the Original Judgment and then, when that judgment was amended, obtained a lien based on the Amended Judgment. Similarly, while the Original Judgment in one instance listed an incorrect, higher restitution amount than was ordered by Judge Patterson and that was otherwise listed in the Original Judgment, that error was corrected in the Amended Judgment. Likewise, while the Clerk's ledger and docket entry for the Original Judgment reflected the improper restitution amount of $125,000, the Petitioner's Payment History with the Government properly reflects a total principal liability for restitution and special assessment of $120,100.

In short, the Government acted properly, the Petitioner has no cognizable claim for relief, and the Motion should be denied.

**III.     Conclusion**

As explained above, the Motion is based on a fundamental misstatement of the facts and represents only the latest, futile attempt by the Petitioner to attack a valid judgment and resulting lien.  The Motion is meritless and should be denied.

                               Respectfully submitted,

                               JOON H. KIM
                               Acting United States Attorney

                    by: */s/ Jessica Greenwood*
                               Jessica Greenwood
                               Assistant United States Attorney
                               (212) 637-1090