# EXHIBIT A

8AKMKARS                        Sentence

DOC # 74

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4                    v.                    07 Cr. 541 (RPP)

5    DANIEL B. KARRON,

6                    Defendant.

                                           NOV 2 5 2008
7    ------------------------------x

8                                          New York, N.Y.
                                           October 20, 2008
9                                          2:30 p.m.

10

     Before:
11
                    HON. ROBERT P. PATTERSON, JR.,
12
                                           District Judge
13

14                         APPEARANCES

15   MICHAEL J. GARCIA
          United States Attorney for the
16        Southern District of New York
     STEVE KWOK
17   CHRISTIAN EVERDELL
          Assistant United States Attorneys
18
     RUBINSTEIN & COROZZO
19        Attorneys for Defendant
     BY:  RONALD RUBINSTEIN
20

21

22
     ALSO PRESENT:   KIRK YAMATANI
23                   RACHEL ONDRIK

24

25

1    be hanging.  I have never thought I would be impaled.

2         I'm redundant and I'm repetitive and I forget what I

3    say, and I'm a disaster.  I really am.  I will be late for my

4    own funeral.  If I do something too fast, I always forget

5    something, screw something up.

6         I apologize to the Court for keeping you this late and

7    for everything else that I've done in the past.

8         Thank you, your Honor.

9         THE COURT:  Thank you.

10        As I said, under the guidelines, the Court's findings

11   are that the base offense level for this violation for Title 18

12   Section 666 is found under 2B1.1.  The base offense level under

13   subsection (a)(2) of that guidelines is 6.  Because more than

14   $120,000 was lost through inappropriate expenses, 10 points are

15   added.  Making that decision the Court looked to guideline note

16   which applies to 2F.  The guideline note that applies to grants

17   is federal grant under guideline commentary (f)(2)(ii).  At

18   that guideline of 16, the guidelines calls for a sentence of 21

19   to 27 months in prison.

20        Turning to 18 3553(a) of Title 18, the Court, as the

21   Court must, consider any guidelines sentence as a result of the

22   Booker decision, the Court must take into account the history

23   and circumstances of the offense, history and characteristics

24   of the defendant.  The defendant here has no prior record.

25        And addressing the Court he said that he's never

1    before had the responsibility before of handling a federal

2    grant and dealt with contracts in the past.  Those are

3    contracts, I gather, to perform specific services for a fee,

4    which is a little different than a federal grant.  Both of

5    those circumstances relate to the circumstances of the offense

6    and the history and characteristics of the defendant.

7         But the Court must also impose a sentence which is

8    sufficient but not greater than necessary to comply with the

9    purposes set forth in subparagraph 2 of 3553(a), and that is

10   the need for the sentence imposed to reflect the seriousness of

11   the offense, to promote respect for the law, and to provide a

12   just punishment for the offense; B, to afford adequate

13   deterrence to criminal conduct of other persons, and to protect

14   the public from further crimes of the defendant -- C, to

15   protect the public from further crimes of the defendant; and,

16   D, to provide the defendant with needed educational and

17   vocational training, medical care, or other correctional

18   treatment in the most effective manner.

19        I don't believe that it would be necessary to protect

20   the public from further crimes of the defendant that would

21   serve to ameliorate the penalty imposed under the guidelines.

22        I have some difficulty with this case because

23   delineating the intent of the defendant is difficult for me.

24   It is true that the loss is at least $120,000, but the

25   defendant's intent in causing that loss is something that the

1    Court has been concerned about.

2            And, on the other hand, the Court has to consider a

3    sentence that affords adequate deterrence to criminal conduct

4    and the government gives these grants, they are placing a lot

5    of trust in the grantee.  It's important that the grantee not

6    intentionally misapply the funds.

7            It's clear to me that there was an intentional

8    misapplication of the rent money.  The defendant was told time

9    and time again not to use the rent funds for rent or for

10   utilities.  That's what the record here substantiates.  That's

11   a lesser sum than the sum found in the guidelines.

12           Under the circumstances, it seems to me as the first

13   offense that the Court should not impose a sentence that is

14   heavy as the guideline and, yet, impose a sentence that

15   provides deterrence to other people.  I am going to vary the

16   sentence pursuant to Section 3553(a).

17           I am going to impose a sentence of 15 months under

18   zone C of the guidelines, one half of the term to be served in

19   prison and one half of home confinement, eight months'

20   imprisonment, and the remainder in home confinement.

21           The term of supervised release is three years,

22   restitution in the amount of $120,000.  That's required, I

23   guess.  And a special assessment of $100.  I think I'm right on

24   the split sentence, that if it falls in the 12 category, I can

25   give the split sentence.

1        MR. KWOK:  Section 5C1.1, section D.

2        MR. EVERDELL:  Yes, your Honor, I believe it is

3    correct.  It has to be a one-for-one ratio.

4        THE COURT:  One has to be imprisonment, the other has

5    to be home confinement.

6        MR. EVERDELL:  That's correct.

7        THE COURT:  That's to enable defendant to take care of

8    his mother as soon as possible.

9        Three years of supervised release.  There will also be

10   a $100 assessment as provided by the law.  The conditions of

11   supervised release are:  The defendant shall not commit another

12   federal, state, or local crime; shall not illegally possess a

13   controlled substance; shall not possess a firearm or

14   destructive device.  Mandatory drug testing is suspended due to

15   the Court's determination that defendant poses little risk of

16   future substance abuse.  The defendant shall cooperate in the

17   collection of DNA as directed by the probation officer.

18       Standard conditions of supervision 1 through 13 will

19   also apply with the following special conditions:  Defendant

20   shall provide the probation officer with access to any

21   requested financial information; defendant shall not incur new

22   credit charges or open additional lines of credit without

23   approval of the probation officer unless the defendant is in

24   compliance with the installment schedule, installment payment

25   schedule.

1    Defendant is to report to the nearest probation office

2    within 72 hours of release from custody and be supervised in

3    the district of his residence.  $100 will be due immediately.

4    That's the special assessment.  The restitution shall be in the

5    amount of $120,000, payable to the clerk of the United States

6    District Court for disbursement to Julie Weiblinger, U.S.

7    Department of Commerce, National Institute of Standards and

8    Technology, Advanced Technology Program Receivables Group, 100

9    Bureau Drive, Mail Stop 1624, Gaithersburg, Maryland

10   20899-1624.

11   The restitution shall be paid in monthly installments

12   of 10 percent of gross monthly income over the period of

13   supervision to commence 30 days after the date of release from

14   custody, and the defendant shall notify the U.S. Attorney's

15   Office for this district within 30 days of any change of name

16   or residence address that occurs while any portion of the

17   restitution remains unpaid.

18   If the defendant is engaged in BOP non-UNICOR program,

19   the defendant shall pay $25 per quarter towards the

20   restitution.  However, if the defendant participates in the

21   BOP's UNICOR program as a grade 1 through 4, the defendant

22   shall pay 50 percent of her UNICOR earnings to any financial

23   penalties, consistent with Bureau of Prisons regulations of 28

24   CFI Section 45.11.  The factors in 18 United States Code

25   Section 3664(f)(2) were considered in formulating the payment

1   schedule.

2          There will be no fine in this case in view of the

3   restitution requirements.

4          I gather you want to have a voluntary surrender,

5   Mr. Rubinstein?

6          MR. RUBINSTEIN:  Yes, your Honor.  I was wondering, if

7   it's possible, I don't know how it works.  Is it possible to do

8   the home confinement first and then the incarceration

9   afterwards?  So this way if they can get his mother home,

10  because her life expectancy isn't that long.

11         THE COURT:  It seems to me that it could.  I don't see

12  anything under the section that says it couldn't.  It certainly

13  surprises me.

14         MR. EVERDELL:  I'm sorry to interrupt, your Honor.  I

15  do have a different case with Judge Kaplan where he did allow

16  that very thing to happen.  If that precedent counts for

17  anything, I believe there is a precedent in the Southern

18  District for doing this.

19         THE COURT:  I am going to do it that way.  So the home

20  confinement period will start.  You better see that the

21  defendant sees the probation officer in the next 24 hours, Mr.

22  Rubinstein.

23         MR. RUBINSTEIN:  Absolutely.  I will go there

24  tomorrow.

25         THE COURT:  We will make arrangements for home

1   confinement to start.  If you have home confinement, there will

2   have to be a telephone without call forwarding in the residence

3   in which the defendant would be located because they have to

4   know that he's not leaving the premises during the period of

5   home confinement.  Home confinement is not to interfere with

6   religious services or employment, but it will require the

7   defendant to be home in the evening and nonworking hours part

8   of the day.

9           MR. RUBINSTEIN:  And medical, your Honor?

10          THE COURT:  What?

11          MR. RUBINSTEIN:  And medical.

12          THE COURT:  Of course, he can attend medical

13  appointments for himself and his mother.

14          There will be no call forwarding or call waiting or

15  modem attached to the telephones.  It's clear that he is

16  serving his term of home confinement without any further

17  investigation by the probation office.

18          MR. RUBINSTEIN:  Your Honor, would your Honor

19  consider -- first, on the restitution, did your Honor say how

20  that's to be paid?

21          THE COURT:  Yes, I did.  10 percent of gross pay.

22          MR. RUBINSTEIN:  Is that without interest?

23          THE COURT:  I leave that to the greater, higher

24  authorities.  I believe that interest does run.

25          MR. RUBINSTEIN:  Would your Honor --

1          THE COURT:  I believe interest runs.  But it can start

2    after the period of incarceration.

3          MR. RUBINSTEIN:  Your Honor, I believe that the

4    defendant wishes to appeal this matter.  That's what I've been

5    informed.  In view of that, I wonder if your Honor will

6    consider releasing him pending the appeal.  He is going to be

7    on house arrest for seven and a half -- I'll reserve the right

8    to make that application.

9          THE COURT:  He can appeal, but I don't see where you

10   can appeal, but is that beneficial to your situation for me to

11   suspend the imposition of sentence pending the appeal?

12         MR. RUBINSTEIN:  I would like to serve the house

13   arrest portion while his mother is alive.

14         THE COURT:  I can't break it up, I don't believe,

15   under the statute.

16         MR. RUBINSTEIN:  I'll have to consider it, Judge.  We

17   will go to probation tomorrow.  As far as the house arrest, we

18   don't have a problem with starting that immediately.

19         THE COURT:  Make an expedited appeal.

20         MR. RUBINSTEIN:  File an expedited appeal?

21         THE COURT:  All right.

22         MR. RUBINSTEIN:  Thank you very much, your Honor.

23   Good night.

24         MR. KWOK:  A few things, your Honor.

25         If the government could request the Court to give an

1    oral pronouncement of his forfeiture order.  There is a

2    forfeiture allegation in the indictment.

3        THE COURT:  Is forfeiture required here?  I didn't see

4    that in the presentence report.

5        MR. KWOK:  It is not reflected in the presentence

6    report, but, as your Honor might recall, there an order by

7    stipulation between the parties where we seized the proceeds

8    from the sale of defendant's apartment.  And so if we could

9    forfeit that in partial satisfaction of the restitution

10   obligation.

11       THE COURT:  You can submit a forfeiture order, yes.

12       MR. RUBINSTEIN:  The marshals are holding those funds,

13   if that's what the government is talking about.

14       THE COURT:  I have to make an order with respect to

15   it.  The marshals already have it.

16       MR. KWOK:  But the order the Court signed says that

17   the money will be held with the U.S. Marshals pending further

18   order of the Court.  We will certainly submit an order to

19   release those funds.

20       THE COURT:  So ordered.

21       MR. KWOK:  Thank you.

22       Also, just one last matter.  Because this is a second

23   superseding indictment, the government moves that the

24   underlying indictments be dismissed.

25       THE COURT:  That's granted.  I am sure there is no

1    opposition to that.

2              MR. RUBINSTEIN:  No opposition, your Honor.

3              THE COURT:  You have ten days to file a notice of

4    appeal, Dr. Karron.  All you have to do is write a letter to

5    the Court, United States District Court, 500 Pearl Street, New

6    York, New York, and say, I wish to appeal and that will

7    preserve your appeal, but you have to do it within the ten-day

8    period because, otherwise, the Second Circuit will say you

9    waived your right to appeal by not filing that letter within

10   the ten-day period.

11             You understand me?  You're nodding yes.

12             If you want to appeal, you just write the letter

13   within ten days and that preserves your right.  If you don't

14   write it in the ten-day period, you lose your right to appeal.

15   If you don't have funds for an appeal, the Court of Appeals

16   will decide on it for you to handle your appeal free of charge.

17             MR. RUBINSTEIN:  What they do, Judge, in reality, is,

18   they assign trial counsel free of charge.  I had that

19   experience with Judge Kaplan, who was mentioned once today

20   already.

21                            o0o

22

23

24

25